UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

CAVE MAN KITCHENS INC.,

Plaintiff,

v.

CAVEMAN FOODS, LLC    ,

Defendant.

Cause No.  2:18-cv-1274

COMPLAINT FOR
TRADEMARK
INFRINGEMENT, FALSE
DESIGNATION OF ORIGN,
UNFAIR COMPETITION,
CANCELLATION OF
TRADEMARK
REGISTRATIONS, AND
DECLARATORY RELIEF

DEMAND FOR JURY TRIAL

Plaintiff Cave Man Kitchens Inc., ("Cave Man Kitchens")  complains of Defendant Caveman Foods, LLC., ("Caveman Foods")  as follows:

**NATURE OF LAWSUIT**

1.    This is an action for infringement of federally registered trademark rights (Count I), false designation of origin under Section 43(a) of the Lanham Act (Count II), infringement of common law trademark rights (Count III), common law unfair competition (Count IV), cancellation of federally registered trademarks under Section 37 of the Lanham Act (Counts V, VI and VII) and for Declaratory Relief (Counts VIII and IX).

COMPLAINT - 1

**THE PARTIES**

2.      Cave Man Kitchens Inc., ("Cave Man Kitchens") is a Washington Corporation headquartered in Kent, Washington and with a principal place of business located at 807 West Valley Highway, Kent, Washington 98032.

3.      Cave Man Kitchens is engaged in the business of providing restaurant services, carry-out and delivery restaurant services, catering services and food preparation services in the United States and this District.

4.       Upon information and belief, Defendant Caveman Foods, LLC., ("Caveman Foods") is a California corporation with a principal place of business in Lafayette, California. Upon information and belief, Caveman Foods is engaged in the business of manufacturing, creating, selling and otherwise distributing in the United States and this District a variety of ready-to-eat food products including, but not limited to jerky, frozen, prepared and packaged meals consisting primarily of meat, fish, poultry or vegetables.   Upon information and belief, Caveman Foods transacts business and has provided to customers in this judicial district and throughout the State of Washington.  As set forth below, an actual justiciable controversy exists between the parties on such ready-to-eat food products.

**JURISDICTION AND VENUE**

5.      This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).  This Court has pendent jurisdiction, as well as jurisdiction under 28 U.S.C. § 1338(b) over the common law claims for trademark infringement and unfair competition under the common law of the State of Washington.  This Court has jurisdiction over the request for declaratory relief in Counts VIII and IX under  28 U.S.C. §§ 2201 and 2202 in that an actual justiciable controversy exists between the parties as to the subject matter of those Counts.

6.      Venue is proper under 28 U.S.C. § 1391.  Defendant has purposefully availed itself of the privilege of transacting extensive business in the State of Washington.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

**BACKGROUND OF THE CONTROVERSY**

7.      Since at least as early as December 21, 1971, Plaintiff Cave Man Kitchens Inc.'s predecessor in interest  (namely "Cave Man Kitchens Inc., (WA UBI 600 625 485)") continuously used the terms CAVE MAN and CAVEMAN as trademarks for restaurant and catering services.   Effective March 27, 2011, Plaintiff Cave Man Kitchens, Inc. became the owner by assignment of the Trademarks, Service Marks, Trade Dress and/or domain names, along with the goodwill of Cave Man Kitchens Inc., (WA UBI 600 625 485) associated therewith.   Operating from substantially the same location in Kent, Washington over that time, Cave Man Kitchens has expanded its offerings from its original smoked chicken and meats to a wide variety of foods including, but not limited to, smoked and dried meats, sandwiches, salads, baked beans, coleslaw, soups, breads, sauces, and desserts.  In addition to its original offerings, Cave Man Kitchens now offers carry-out and delivery dinning services, catering services and food preparation services.  The original Caveman Kitchen restaurant in Kent Washington is a Northwest institution that has attracted satisfied customers from throughout the country, including Presidents and celebrities as well as travelers, visitors and local residents.  Cave Man Kitchens' smoked meats and other food products are now available not only at its original facility in Kent Washington but at other locations as well.  As a result of its long presence, its reputation for fine, distinctive and quality products, and its long list of satisfied customers, Plaintiff's CAVE MAN name is well-known among people in this District as well as throughout the United States.   The names and marks, CAVEMAN, CAVEMAN KITCHEN, and CAVE MAN KITCHENS have long been used to identify Plaintiff, Cave Man Kitchens and are associated  in the minds of the consuming public with the distinctive, quality food products offered by Cave Man Kitchens.  As a result of such substantially continuous, exclusive use of the CAVEMAN, CAVEMAN KITCHEN,  and CAVE MAN KITCHENS marks in connection with its products and services, Cave Man Kitchens enjoys substantial, exclusive rights in those marks for such services.  Cave Man

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

Kitchens has achieved success and popularity in connection with its restaurant and catering services, which has resulted in significant media coverage and recognition.

8. To further establish and protect its rights in these marks, Cave Man Kitchens is the owner of United States Trademark Registration No. 3,222,887 for the mark CAVE MAN KITCHENS for restaurant services, carry-out and delivery restaurant services, catering services, and food preparation services. Registration was granted on March 27, 2007 and is valid, subsisting, unrevoked, and uncanceled. A true and correct copy of Cave Man Kitchens' Registration and true and correct print-outs from the USPTO's electronic database showing the current status and title for Cave Man Kitchens' Registration is attached hereto as **Exhibit A.**

9. In addition to its foregoing United States Trademark Registration No. 3,222,887, Cave Man Kitchens is also the owner of currently pending United States Trademark Registration Applications No. 86955705 and No. 86966805 filed with the United States Patent and Trademark Office on March 28, 2016 and April 6, 2016, respectively. Application No. 86955705 is directed to the mark, CAVEMAN KITCHEN, while Application No. 86966805 is directed to the mark, CAVEMAN. Each of these applications claims rights in International Trademark Class 043 for "Catering services; Food preparation services; Restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises," and specifies a first use date of December 1, 1971. True and correct print-outs from the USPTO's electronic database showing the current status and title for Cave Man Kitchens' above-identified trademark registration applications are attached hereto as **Exhibit B.**

10. Cave Man Kitchens has achieved success and popularity in connection with its restaurant and catering services offered under its various CAVEMAN marks, which has resulted in significant media coverage and recognition. Through extensive sales, advertising, promotion, and unsolicited media coverage, among other things, Cave Man Kitchens' various CAVEMAN marks are famous and became famous long before 2005.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

11.    Long after Plaintiff Cave Man Kitchens' adoption and use of CAVEMAN and variants thereof for various food products and restaurant, catering and food preparation services, Defendant  Caveman Foods, without the knowledge or authorization of Cave Man Kitchens, began using in commerce the mark CAVE MAN and variants thereof for food products and food preparation services in competition with Cave Man Kitchens.  In particular, Caveman Foods has applied for and received, from the United States Patent and Trademark Office, the following trademark registrations for the marks indicated:

Registration No. 4863604      CAVEMAN FOODS;

Registration No. 4841590      CAVEMAN JERKY;

Registration No. 4565451      CAVEMAN FOODS.

True and correct copies of these United States Trademark Registrations are attached as **Exhibit C.**

12.    In addition to the United States Trademark Registrations listed in Paragraph 10 above, Caveman Foods has applied for, and currently maintains United States Trademark Registration Applications for various forms of CAVEMAN trademarks as follows:

Application Serial No. 87166881      CAVE MAN;

Application Serial No. 87087186      CAVEMAN FOODS;

Application Serial No. 86169105      CAVE MAN & Design;

Application Serial No. 86169099      CAVE MAN & Design.

True and correct print-outs from the USPTO's electronic database showing the current status and title for Caveman Foods' above-identified trademark registration applications are attached hereto as **Exhibit D.**

13.    On May 8, 2017, Plaintiff Cave Man Kitchens filed with the United States Patent and Trademark Office a Petition to Cancel the three United States Trademark Registrations identified in Paragraph 10.  That  Petition is currently Pending in the United States Patent and Trademark Office as Cancellation Proceeding No.92066099.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

14.     On April 20, 2017, Plaintiff Cave Man Kitchens filed with the United States Patent and Trademark Office Opposition No. 91234111 opposing the grant of the trademark registration application identified in Paragraph 11 above and opposing registration, by Cave Man Foods,  of the various CAVEMAN marks identified in those pending trademark registration applications.

15.     On  May 30, 2017 Defendant Cave Man Foods, in connection with Opposition No. 91234111 identified in Paragraph 13 above, filed a counterclaim seeking cancellation of Cave Man Kitchens' United States Trademark Registration No.  3,222,887.

16.     On  June 28, 2017, Defendant Cave Man Foods, filed with the United States Patent and Trademark Office Opposition No. 91235296 opposing the grant of Plaintiff Cave Man Kitchens' Trademark Registration Applications No. 86955705 and No. 86966805 identified in Paragraph 9 above and opposing registration, by Cave Man Kitchens,  of the various CAVEMAN marks identified in those pending trademark registration applications.

## DEFENDANT'S UNLAWFUL ACTS

17.     Upon information and belief, Defendant Cave Man Foods, with full awareness of Cave Man Kitchens' prior use of various forms of its CAVEMAN marks, adopted CAVEMAN as the central element of its own name and mark for use on goods and services substantially similar to those of Cave Man Kitchens and distributed through substantially the same channels of trade and to the same types of consumers as those of Cave Man Kitchens. Such use by Cave Man Foods of these various CAVEMAN marks in connection with the goods and services it offers is likely to cause confusion and/or mistake among consumers as to the origin of the goods and services provided by Cave Man Kitchens and Cave Man Foods.

18.     By seeking and obtaining United States Trademark Registrations of various forms of marks including the word CAVEMAN and the words, CAVE MAN for goods and services substantially similar to those of Cave Man Kitchens, and with full awareness of Cave Man Kitchens' prior use of CAVEMAN and CAVE MAN for such goods and services, Defendant Cave Man Foods unfairly encroaches on and infringes the prior rights of Plaintiff

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

Cave Man Kitchens in its own CAVEMAN and CAVE MAN marks, and, accordingly, competes unfairly with Cave Man Kitchens.

19.    By filing and maintaining additional Trademark Registration Applications on various forms of marks including the word CAVEMAN and the words, CAVE MAN for goods and services substantially similar to those of Cave Man Kitchens, and with full awareness of Cave Man Kitchens' prior use of CAVEMAN and CAVE MAN for such goods and services, Defendant Cave Man Foods unfairly encroaches on and infringes the prior rights of Plaintiff Cave Man Kitchens in its own CAVEMAN and CAVE MAN marks, and, accordingly, competes unfairly with Cave Man Kitchens.

20.    By filing and maintaining its additional Trademark Registration Applications on various forms of marks including the word CAVEMAN and the words, CAVE MAN for goods and services substantially similar to those of Cave Man Kitchens, and with full awareness of Cave Man Kitchens' prior use of CAVEMAN and CAVE MAN for such goods and services, Defendant Cave Man Foods unfairly encroaches on and infringes the prior rights of Plaintiff Cave Man Kitchens in its own CAVEMAN and CAVE MAN marks, and, accordingly, competes unfairly with Cave Man Kitchens.

21.    By filing and maintaining its counterclaim seeking cancellation of Cave Man Kitchens' United States Trademark Registration No. 3,222,887, Defendant Cave Man Foods unfairly encroaches on and infringes the prior rights of Plaintiff Cave Man Kitchens in its own CAVEMAN and CAVE MAN marks, and, accordingly, competes unfairly with Cave Man Kitchens.

22.    By filing and maintaining its Opposition No. 91235296 opposing the grant of Plaintiff Cave Man Kitchens' Trademark Registration Applications No. 86955705 and No. 86966805,  Defendant Cave Man Foods unfairly encroaches on and infringes the prior rights of Plaintiff Cave Man Kitchens in its own CAVEMAN and CAVE MAN marks, and, accordingly, competes unfairly with Cave Man Kitchens.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

23.     Cave Man Kitchens does not consent to, sponsor, endorse, or approve of Defendant's use of marks containing the words CAVEMAN and/or CAVE MAN  alone or in conjunction with a design, on any products or services.

24.     Defendant's use of marks containing CAVEMAN and/or CAVE MAN   in interstate commerce in connection with its products is likely to confuse, mislead, and deceive the public as to the origin of the marks, or potentially cause these persons to believe that the products have been sponsored, approved, authorized, or licensed by Cave Man Kitchens, and/or that Defendant is in some way affiliated or connected with Cave Man Kitchens.

25.     Because there is no affiliation between Cave Man Kitchens and Defendant, Cave Man Foods, Cave Man Kitchen has no control over the nature and quality of Defendant's products, or its brand message. Accordingly, not only are consumers likely to be confused or deceived regarding the source of Defendant's products, but the invaluable intrinsic brand equity and reputation of Cave Man Kitchens and the CAVEMAN and CAVE MAN marks will be directly diminished and diluted by association with Defendant's uncontrolled products, website, and unaffiliated branding efforts.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

### (Lanham Act § 32, 15 U.S.C. § 1114)

26.     Cave Man Kitchens hereby repeats and incorporates by reference Paragraphs 1-25 above as if fully set forth herein.

27.     Defendant Caveman Foods has infringed the registered CAVEMAN KITCHENS Mark through its manufacture, distribution and/or sale of it food products and services under various forms of the name CAVEMAN.

28.     Defendant Caveman Foods' manufacture, distribution and/or sale of it food products and services under its various forms of the name CAVEMAN infringes Cave Man

COMPLAINT - 8

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

Kitchens' rights in its United States Trademark Registration No. 3,222,887 in contravention of Title 15 U.S.C. §1114.

29.     Defendant Caveman Foods' use of the CAVEMAN name in interstate commerce in connection with its products and services is likely to confuse, mislead, or deceive the public as to the origin of the products and services, or cause these persons to believe that the products and services have been sponsored, approved, authorized, or licensed by Cave Man Kitchens and/or that Defendant Caveman Foods is in some way affiliated or connected with Cave Man Kitchens.

30.     Caveman Foods' manufacture, distribution and/or sale of it food products and services under its various CAVEMAN names has caused and will cause Cave Man Kitchens great and irreparable harm unless enjoined by this court.

31.     As a direct and proximate result of Defendant Caveman Foods' willful and deliberate conduct, Cave Man Kitchens has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proved at trial.

32.     If Defendant Caveman Foods is permitted to continue its willful and deliberate acts of infringement, Cave Man Kitchens will be irreparably harmed both within the United States and without. Monetary damages alone cannot compensate Cave Man Kitchens for the harm that Defendant will cause to it.  Cave Man Kitchens is entitled to injunctive relief prohibiting Defendant Caveman Foods from using confusingly similar marks in connection with its products.

## COUNT II

## FALSE DESIGNATION OF ORIGIN

### (Lanham Act § 43(a), 15 U.S.C. § 1125(a))

33.     Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 32 as if fully set forth herein.

COMPLAINT - 9

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101 TELEPHONE:
206-436-0900

34.     Defendant Caveman Foods' manufacture, distribution and/or sale of it food products and services under its various forms of the name CAVEMAN falsely designates the origin of Defendant Caveman Foods' food products and services  in contravention of Title 15 U.S.C. §1125(a).

35.     Defendant Caveman Foods' manufacture, distribution and/or sale of its food products and services under its various forms of the name CAVEMAN is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant Caveman Foods with Cave Man Kitchens, or as to the origin, sponsorship, or approval of its goods, services, and/or commercial activities

36.     Defendant Caveman Foods' manufacture, distribution and/or sale of its food products and services under its various forms of the name CAVEMAN has caused and will cause Cave Man Kitchens great and irreparable harm unless enjoined by this court.

37.     As a direct and proximate result of Defendant Caveman Foods' willful and deliberate conduct, Cave Man Kitchens has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proved at trial.

38.     If Defendant Caveman Foods is permitted to continue its willful and deliberate acts of infringement, Cave Man Kitchens will be irreparably harmed both within the United States and without. Monetary damages alone cannot compensate Cave Man Kitchens for the harm that Defendant will cause to it.  Cave Man Kitchens is entitled to injunctive relief prohibiting Defendant Caveman Foods from using confusingly similar marks in connection with its products.

## COUNT III

## STATE TRADEMARK INFRINGEMENT

### (Common Law Trademark)

39.     Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 38 as if fully set forth herein.

COMPLAINT - 10

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

40.     Defendant Caveman Foods' manufacture, distribution and/or sale of it food products and services under its various forms of the name CAVEMAN falsely designates the origin of Defendant Caveman Foods' food products and services in contravention of the common law of the State of Washington.

41.     Defendant Caveman Foods' manufacture, distribution and/or sale of its food products and services under its various forms of the name CAVEMAN has caused and will cause Cave Man Kitchens great and irreparable harm unless enjoined by this court.

<u>COUNT IV</u>

<u>STATE COMMON LAW UNFAIR COMPETITION</u>

42.     Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 41 as if fully set forth herein.

43.     Caveman Foods' activities complained of herein constitute unfair and unlawful practices in violation of the common law of the State of Washington to the injury of Cave Man Kitchens and the public.

44.     Defendant Caveman Foods' manufacture, distribution and/or sale of its food products and services under its various forms of the name CAVEMAN has caused and will cause Cave Man Kitchens great and irreparable harm unless enjoined by this court.

45.     As a direct and proximate result of Defendant Caveman Foods' willful and deliberate conduct, Cave Man Kitchens has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proved at trial.

46.     If Defendant Caveman Foods is permitted to continue its willful and deliberate acts of infringement, Cave Man Kitchens will be irreparably harmed both within the United States and without. Monetary damages alone cannot compensate Cave Man Kitchens for the harm that Defendant will cause to it.  Cave Man Kitchens is entitled to injunctive relief prohibiting Defendant Caveman Foods from using confusingly similar marks in connection with its products.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

## COUNT V

## CANCELLATION OF TRADEMARK REGISTRATION

## NO. 4,863,604 BASED ON PRIORITY, LIKELIHOOD OF CONFUSION,

## DILUTION BY BLURRING AND DILUTION BY TARNISHMENT

## (Lanham Act §§ 14(1), 2(d) 43(C) & 37; 15 U.S.C. §§ 1064(1), 1052(d)), 1125(C) &1119)

47.   Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 46 as if fully set forth herein.

48.   Cave Man Kitchens seeks by this Count V an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 4,863,604 (the "'604 Registration") on the mark, CAVEMAN FOODS as used by Defendant Caveman Foods.

49.   On information and belief, Defendant Caveman Foods uses the '604 Registration in connection with smoked and/or dried meats. Shockingly, Plaintiff Cave Man Kitchens discovered what appears to be mold growing inside retail packaging of Defendant Caveman Foods' product, found in a retail store in the same geographical area as Plaintiff Cave Man Kitchens' flagship restaurant location, where Plaintiff Cave Man Kitchens offers for sale smoked and dried meats. True and correct photographs of Caveman Foods' product in question are attached hereto as Exhibit C.

50.   Plaintiff Cave Man Kitchens' Registration No. 3,222,887 (**Exhibit A**) is incontestable. As such, it constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Cave Man Kitchens' ownership of its mark, and of Cave Man Kitchens' exclusive right to use the registered mark in commerce as provided in Section 33 of the Lanham Act, 15 U.S.C. § 1115.

51.   Cave Man Kitchens' rights are senior to any rights that Caveman Foods may allege to have in the '604 Registration because, since at least before the filing date and the

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

1    alleged date of first use listed in the '604 Registration, Cave Man Kitchens has continuously

2    used and promoted its marks in connection with its restaurant and catering services.

3        52.    If the '604 Registration is permitted to remain on the Principal Register,

4    Caveman Foods's corresponding *prima facie* exclusive right to use the '604 Registration in

5    commerce will conflict with Cave Man Kitchens' lawful and exclusive right to use its CAVE

6    MAN KITCHENS marks.

7        53.    Caveman Foods' '604 Registration so resembles Cave Man Kitchens' marks

8    that Caveman Foods' '604 Registration is likely to cause confusion or mistake or to deceive,

9    or to create the false impression that Caveman Foods's goods are provided by, related to,

10   endorsed by, or associated with Cave Man Kitchens, or otherwise cause injury to Cave Man

11   Kitchens' rights in its marks, in violation of Lanham Act §2(d) (15 U.S.C §1052(d)), with

12   consequent damage to Cave Man Kitchens and the public.

13       54.    Cave Man Kitchens' marks have been the subject of significant third-party

14   media coverage, extensive sales, advertising, and promotion. Cave Man Kitchens' marks have

15   therefore become well- known and/or famous among the relevant consuming public. As a

16   result, Caveman Foods' '604 Registration cause, or will likely cause, dilution of the distinctive

17   quality of Cave Man Kitchens' marks in violation of Lanham Act § 43(c) (15 U.S.C.

18   §1125(c)), with consequent damages to Cave Man Kitchens and the public.

19       55.    Caveman Foods' use of its '604 Registration in connection with the goods

20   specified therein is likely to cause dilution by tarnishment of the distinctive quality of Cave

21   Man Kitchens' marks. Such use is likely to (a) impair the ability of Cave Man Kitchens'

22   Marks to carry an association of quality, (b) harm the reputation of Cave Man Kitchens'

23   marks, and (c) cause Cave Man Kitchens' marks to be seen in an unappealing context, all in

24   violation of Lanham Act § 43(c) (15 U.S.C. §1125(c)), with consequent damages to Cave

25   Man Kitchens and the public.

26

27

COMPLAINT - 13

56.     Continued registration of Caveman Foods' '604 Registration will interfere with Cave Man Kitchens' enjoyment of its rights in Cave Man Kitchens' marks, to Cave Man Kitchens' substantial detriment.

57.     Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Cave Man Kitchens is entitled to an order for the cancellation of the '604 Registration.

**COUNT VI**

**CANCELLATION OF TRADEMARK REGISTRATION**

**NO. 4,841,590 BASED ON PRIORITY, LIKELIHOOD OF CONFUSION,**

**DILUTION BY BLURRING AND DILUTION BY TARNISHMENT**

**(Lanham Act §§ 14(1), 2(d) 43(C) & 37; 15 U.S.C. §§ 1064(1), 1052(d)), 1125(C) &1119)**

58.     Cave Man Kitchens repeats and re-alleges the allegations in Paragraphs 1 through 57 as if fully set forth herein.

59.     Cave Man Kitchens seeks by this Count V an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 4,841,590 (the "'590 Registration") on the mark, CAVEMAN JERKY as used by Defendant Caveman Foods.

60.     On information and belief, Defendant Caveman Foods uses the '590 Registration in connection with smoked and/or dried meats. Shockingly, Plaintiff Cave Man Kitchens discovered what appears to be mold growing inside retail packaging of Defendant Caveman Foods' product, found in a retail store in the same geographical area as Plaintiff Cave Man Kitchens' flagship restaurant location, where Plaintiff Cave Man Kitchens offers for sale smoked and dried meats. True and correct photographs of Caveman Foods' product in question are attached hereto as **Exhibit E.**

61.     Plaintiff Cave Man Kitchens' Registration No. 3,222,887 **(Exhibit A)** is incontestable. As such, it constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Cave Man Kitchens' ownership of its mark, and of

COMPLAINT - 14

1  Cave Man Kitchens' exclusive right to use the registered mark in commerce as provided in

2  Section 33 of the Lanham Act, 15 U.S.C. § 1115.

3       62.    Cave Man Kitchens' rights are senior to any rights that Caveman Foods may

4  allege to have in the '590 Registration because, since at least before the filing date and the

5  alleged date of first use listed in the '590 Registration, Cave Man Kitchens has continuously

6  used and promoted its marks in connection with its restaurant and catering services.

7       63.    If the '590 Registration is permitted to remain on the Principal Register,

8  Caveman Foods's corresponding *prima facie* exclusive right to use the '590 Registration in

9  commerce will conflict with Cave Man Kitchens' lawful and exclusive right to use its CAVE

10 MAN KITCHENS marks.

11      64.    Caveman Foods' '590 Registration so resembles Cave Man Kitchens' marks

12 that Caveman Foods' '590 Registration is likely to cause confusion or mistake or to deceive,

13 or to create the false impression that Caveman Foods' goods are provided by, related to,

14 endorsed by, or associated with Cave Man Kitchens, or otherwise cause injury to Cave Man

15 Kitchens' rights in its marks, in violation of Lanham Act §2(d) (15 U.S.C §1052(d)), with

16 consequent damage to Cave Man Kitchens and the public.

17      65.    Cave Man Kitchens' marks have been the subject of significant third-party

18 media coverage, extensive sales, advertising, and promotion. Cave Man Kitchens' marks have

19 therefore become well- known and/or famous among the relevant consuming public. As a

20 result, Caveman Foods' '590 Registration cause, or will likely cause, dilution of the distinctive

21 quality of Cave Man Kitchens' marks in violation of Lanham Act § 43(c) (15 U.S.C.

22 §1125(c)), with consequent damages to Cave Man Kitchens and the public.

23      66.    Caveman Foods' use of its ' 590 Registration in connection with the goods

24 specified therein is likely to cause dilution by tarnishment of the distinctive quality of Cave

25 Man Kitchens' marks. Such use is likely to (a) impair the ability of Cave Man Kitchens'

26 Marks to carry an association of quality, (b) harm the reputation of Cave Man Kitchens'

27 marks, and (c) cause Cave Man Kitchens' marks to be seen in an unappealing context, all in

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

violation of Lanham Act § 43(c) (15 U.S.C. §1125(c)), with consequent damages to Cave Man Kitchens and the public.

67.     Continued registration of Caveman Foods' '590 Registration will interfere with Cave Man Kitchens' enjoyment of its rights in Cave Man Kitchens' marks, to Cave Man Kitchens' substantial detriment.

68.     Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Cave Man Kitchens is entitled to an order for the cancellation of the '590 Registration.

**COUNT VII**

**CANCELLATION OF TRADEMARK REGISTRATION**

**NO. 4,565,451 BASED ON PRIORITY, LIKELIHOOD OF CONFUSION,**

**DILUTION BY BLURRING AND DILUTION BY TARNISHMENT**

**(Lanham Act §§ 14(1), 2(d) 43(C) & 37; 15 U.S.C. §§ 1064(1), 1052(d)), 1125(C) &1119)**

69.     Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 68 as if fully set forth herein.

70.     Cave Man Kitchens seeks by this Count V an order pursuant to 15 U.S.C. § 1119 directing the cancellation of United States Trademark Registration No. 4,565,451 (the "'451 Registration") on the mark, CAVEMAN FOODS as used by Defendant Caveman Foods.

71.     On information and belief, Defendant Caveman Foods uses the '451 Registration in connection with smoked and/or dried meats. Shockingly, Plaintiff Cave Man Kitchens discovered what appears to be mold growing inside retail packaging of Defendant Caveman Foods' product, found in a retail store in the same geographical area as Plaintiff Cave Man Kitchens' flagship restaurant location, where Plaintiff Cave Man Kitchens offers for sale smoked and dried meats. True and correct photographs of Caveman Foods' product in question are attached hereto as Exhibit C.

COMPLAINT - 16

72.     Plaintiff Cave Man Kitchens' Registration No. 3,222,887 **(Exhibit A)** is incontestable. As such, it constitutes conclusive evidence of the validity of the registered mark and of the registration of the mark, of Cave Man Kitchens' ownership of its mark, and of Cave Man Kitchens' exclusive right to use the registered mark in commerce as provided in Section 33 of the Lanham Act, 15 U.S.C. § 1115.

73.     Cave Man Kitchens' rights are senior to any rights that Caveman Foods may allege to have in the '451 Registration because, since at least before the filing date and the alleged date of first use listed in the '451 Registration, Cave Man Kitchens has continuously used and promoted its marks in connection with its restaurant and catering services.

74.     If the '451 Registration is permitted to remain on the Principal Register, Caveman Foods's corresponding *prima facie* exclusive right to use the '451 Registration in commerce will conflict with Cave Man Kitchens' lawful and exclusive right to use its CAVE MAN KITCHENS marks.

75.     Caveman Foods' '451 Registration so resembles Cave Man Kitchens' marks that Caveman Foods' '451 Registration is likely to cause confusion or mistake or to deceive, or to create the false impression that Caveman Foods' goods are provided by, related to, endorsed by, or associated with Cave Man Kitchens, or otherwise cause injury to Cave Man Kitchens' rights in its marks, in violation of Lanham Act §2(d) (15 U.S.C §1052(d)), with consequent damage to Cave Man Kitchens and the public.

76.     Cave Man Kitchens' marks have been the subject of significant third-party media coverage, extensive sales, advertising, and promotion. Cave Man Kitchens' marks have therefore become well- known and/or famous among the relevant consuming public. As a result, Caveman Foods' '451 Registration cause, or will likely cause, dilution of the distinctive quality of Cave Man Kitchens' marks in violation of Lanham Act § 43(c) (15 U.S.C. §1125(c)), with consequent damages to Cave Man Kitchens and the public.

77.     Caveman Foods's use of its '451 Registration in connection with the goods specified therein is likely to cause dilution by tarnishment of the distinctive quality of Cave

COMPLAINT - 17

Man Kitchens' marks. Such use is likely to (a) impair the ability of Cave Man Kitchens' Marks to carry an association of quality, (b) harm the reputation of Cave Man Kitchens' marks, and (c) cause Cave Man Kitchens' marks to be seen in an unappealing context, all in violation of Lanham Act § 43(c) (15 U.S.C. §1125(c)), with consequent damages to Cave Man Kitchens and the public.

78.     Continued registration of Caveman Foods' '451 Registration will interfere with Cave Man Kitchens' enjoyment of its rights in Cave Man Kitchens' marks, to Cave Man Kitchens' substantial detriment.

79.     Pursuant to 15 U.S.C. §§ 1064(1) and 1119, Cave Man Kitchens is entitled to an order for the cancellation of the '451 Registration.

## COUNT VIII

## DECLARATORY JUDGMENT OF RIGHT TO MAINTAIN UNITED STATES TRADEMARK REGISTRATION NO. 3,222,887

80.     Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 79 as if fully set forth herein.

81.     By virtue of the counterclaim for Cancellation of Plaintiff's Trademark Registration No. 3,222,887, Defendant Caveman Foods has filed with the United States Patent and Trademark Office in response to Cave Man Kitchen's Opposition No. 91234111, an actual case of controversy exists regarding Plaintiff Cave Man Kitchens' right to maintain and enforce that trademark registration .

82.     Caveman Foods' counterclaim for Cancellation of Plaintiff's Trademark Registration No. 3,222,887 is without legal basis in that Cave Man Kitchen's use of its CAVE MAN KITCHENS mark long pre-dated any use by Caveman Foods of the words CAVE MAN or CAVEMAN.  Furthermore, Cave Man Kitchens' Trademark Registration No. 3,222,887 was duly and lawfully issued by the United States Patent and Trademark Office and has now become incontestable under 15 U.S.C. § 1065.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

83.     Because Cave Man Kitchens' Trademark Registration No. 3,222,887 was properly and lawfully obtained from, and issued by, the United States Patent and Trademark Office, and because that registration remains in force and is now incontestable, Caveman Foods' counterclaim for Cancellation of Plaintiff's Trademark Registration No. 3,222,887 is without legal basis and cannot properly be maintained.  This Court has jurisdiction to resolve this controversy under 15 U.S.C. § 1119.

## COUNT IX

### DECLARATORY JUDGMENT OF RIGHT TO MAINTAIN UNITED STATES TRADEMARK REGISTRATION APPLICATIONS NO.  86955705 AND NO. 86966805

84.     Cave Man Kitchens repeats and realleges the allegations in Paragraphs 1 through 83 as if fully set forth herein.

85.     By virtue of Opposition No.91235296 filed by Defendant Caveman Foods with the United States Patent and Trademark Office opposing Cave Man Kitchens' pending United States Trademark Registration Applications Nos. 86955705 on CAVEMAN KITCHEN,  and No. 86966805 on CAVEMAN, an actual case of controversy exists regarding Plaintiff Cave Man Kitchens' right to maintain these applications and obtain registration of these marks.

86.     Caveman Foods' Opposition to Cave Man Kitchens' registration of these marks is without legal basis in that Cave Man Kitchen's use of its CAVE MAN KITCHENS and CAVEMAN marks long pre-dated any use by Caveman Foods of the words CAVE MAN or CAVEMAN.

87.     Because Cave Man Kitchens' right to use CAVE MAN KITCHENS and CAVEMAN in connection with its goods and services l 86955705 long predated any use by Caveman Foods of the same or similar marks, Caveman Foods' opposition to Cave Man Kitchens' registration of the mark identified in its pending Trademark Registration Applications Nos. 86955705  and  No. 86966805 is without legal basis and cannot properly be maintained.

MANN LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

**PRAYER FOR RELIEF**

WHEREFORE, Cave Man Kitchens asks this Court to enter judgment against Defendant Caveman Foods and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with it granting the following relief:

A.    A judgment that that Defendant Caveman Foods has infringed United States Trademark Registration No. 3,222,887, pursuant to 15 U.S.C. § 1114;

B.    A judgment that that Defendant Caveman Foods has infringed Cave Man Kitchens' common law rights in it various marks using the words, CAVE MAN and CAVEMAN;

C.    A permanent injunction restraining and enjoining Defendant Caveman Foods, and all of its agents, successors and assigns, and all persons in active concert or participation with any of them from using the CAVEMAN or CAVE MAN, or any other mark or name, alone or in combination with other words or symbols, which is confusingly similar to the CAVEMAN or CAVE MAN, or which is likely to cause confusion or mistake, or to deceive, including any use on the Defendant's website or on the Internet;

D.    A permanent injunction restraining and enjoining Defendant Caveman Foods, and all of its agents, successors and assigns, and all persons in active concert or participation with any of them from seeking registration of the CAVEMAN and/or CAVE MAN, alone or in combination with other words or symbols, which is confusingly similar to the CAVEMAN and CAVE MAN marks, or which is likely to cause confusion or mistake or to deceive;

E.    An Order canceling Defendant Caveman Foods' Trademark Registrations Nos. 4,863,604, 4,841,590, and 4,565,451;

F.     An Order directing the Commissioner of Trademarks to refuse registration of the trademarks identified in Defendant Caveman Food's pending Trademark Registration Applications Nos. 87166881, 87087186, 86169105 and 86169099;

COMPLAINT - 20

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

G.      A declaration that Plaintiff Cave Man Kitchen's Trademark Registration No. 3,222,887 was duly and lawfully issued by the United States Patent and Trademark Office and remains in full force and effect;

H.      An Order directing the Commissioner of Trademarks to Dismiss Defendant Caveman Foods' Counterclaim seeking cancellation of Plaintiff Cave Man Kitchen's Trademark Registration No. 3,222,887;

I.      A declaration that Plaintiff Cave Man Kitchen's has the right to register the trademarks identified in its pending United States Trademark Registration Applications Nos. 86955705 and No. 86966805;

J.      An Order directing the Commissioner of Trademarks to Dismiss Defendant Caveman Foods' Opposition No. 91235296 opposing Plaintiff Cave Man Kitchens' pending United States Trademark Registration Applications Nos.  86955705 and No. 86966805;

K.      An order requiring Defendant Caveman Foods to deliver to Cave Man Kitchens all products, labels, marketing, promotional and other materials in its possession, custody, or control bearing the marks CAVEMAN and/or CAVE MAN, or any other mark or name, alone or in combination with other words or symbols, which is confusingly similar to the CAVEMAN and/or CAVE MAN marks, or which is likely to cause confusion or mistake or to deceive;

L.      An accounting and an award to Cave Man Kitchens of all profits received by Defendant Caveman Foods to date of any kind made as a result of Caveman Foods' infringement, unfair competition, and dilution, such damages to be trebled pursuant to 15 U.S.C. § 1117;

M.      A finding that this case is exceptional and an award to Cave Man Kitchens of its  attorneys' fees and costs as provided by 35 U.S.C. § 284;

N.      Such other and further relief as this Court or a jury may deem proper and just.

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900

1

2

**JURY DEMAND**

3

Cave Man Kitchens demands a trial by jury on all issues presented in this Complaint.

4

5

Dated this 28th day of August, 2018.  Respectfully submitted,

6

7

  _s/Philip P. Mann_____

8

9

Philip P. Mann, WSBA No: 28860
MANN LAW GROUP

10

1218 Third Avenue, Suite 1809
Seattle, Washington  98101

11

(206) 436-0900
Fax (866) 341-5140

12

_phil@mannlawgroup.com_

13

14

Attorneys for Plaintiff Cave Man
Kitchens Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

**MANN LAW GROUP**
1218 Third Avenue, Suite 1809
Seattle, WA  98101 TELEPHONE:
206-436-0900