Diana S. Breaux, WSBA #46112
Foster Garvey P.C.
1111 Third Ave., Suite 3000
Seattle, WA  98101
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: diana.breaux@foster.com

Meredith Williams *pro hac vice*
Michael Adams *pro hac vice*
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
Email: mwilliams@rutan.com
Email: madams@rutan.com

Honorable Thomas S. Zilly

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Cave Man Kitchens Inc., | NO. 2:18-cv-01274-TSZ |
| Plaintiff, | **DEFENDANT'S MOTION TO COMPEL** |
| v. | |
| Caveman Foods LLC, | **NOTE ON MOTION CALENDAR:** **December 13, 2019** |
| Defendant. | |

MOTION TO COMPEL

FG:10648503.1

1   Defendant, Caveman Foods, LLC ("Defendant"), through undersigned counsel and

2   pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1, brings this Motion to

3   Compel document production and complete responses to its Interrogatories and Requests for

4   Production ("RFPs") from Plaintiff Cave Man Kitchens Inc. ("Plaintiff") (the "Motion").

5                              **I.   INTRODUCTION**

6          This Motion arises from Plaintiff's unwillingness to engage in discovery in good faith

7   and repeated stonewalling of Defendant's efforts to obtain the core, relevant discovery to which

8   it is entitled.  Despite agreeing to produce responsive documents and relying extensively on

9   Rule 33(d) in response to interrogatories, Plaintiff has neither provided Defendant a single

10  document nor identified a single document in its invocations of Rule 33(d).  Instead, Plaintiff

11  has purportedly made its documents "available" by informing Defendant that it is welcome to

12  peruse Plaintiff's shed containing scores of bankers boxes of documents, but might be willing

13  to actually produce (i.e., give Defendant copies) of documents if Defendant is willing to

14  "narrow" some unspecified document requests.  Plaintiff never objected on grounds of

15  overbreadth or undue burden, and has never specified any documents requests that Plaintiff

16  should "narrow" in order for Plaintiff to produce the documents Plaintiff has agreed to produce

17  in response to document demands and is relying on per Rule 33(d).

18         Despite Plaintiff's obstructionist conduct, in hopes of avoiding burdening the Court

19  with motion practice, Defendant asked Plaintiff to specify the document categories it proposes

20  be narrowed.  Plaintiff responded:

21             Meredith, do you read and understand English?  We have answered these
               questions before.  Our intention is await the Court's ruling on our pending
22             motion.  In the meantime, our longstanding offer for you to inspect and copy
               the documents as they are kept in the ordinary course of business remains
23             open.  You are free to do so on five business days advance notice.  The
               number of documents we are making available is a direct consequence of the
24             broad scope of your requests.  Whether you elect to narrow the scope of your
               requests is entirely up to you.
25

    (Declaration of Meredith Williams ("Williams Decl."), ¶ 11, Ex. C.)
26

Foster Garvey PC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101-3296
Phone (206) 447-4400  Fax (206) 447-9700

1    As the party that agreed to produce documents in response to document demands, and

2    which undertook the obligation to specify documents per Rule 33(d) in which answers to

3    interrogatories may be found, Plaintiff cannot just hand Defendant the keys to a disorganized

4    shed.  Defendant respectfully requests that the Court order Plaintiff to (1) produce copies of

5    documents responsive to Defendant's Requests for Production, (2) amend its responses to

6    Defendant's Interrogatories, and (3) award Defendant its fees incurred on this motion.

7                            II.   **BACKGROUND**

8    Plaintiff did not object to any of Defendant's requests served September 10, 2019 as

9    overbroad, unduly burdensome or otherwise inappropriate.  If it had, it is axiomatic that

10   Plaintiff, as the party who resists discovery, would have the burden to show that the requested

11   discovery should not be allowed, and the burden of clarifying, explaining, and supporting its

12   objections.  Instead, on October 10, 2019 Plaintiff asserted a host of improper general

13   objections, but responded to *all* RFPs propounded by Defendant: "Cave Man Kitchens will

14   produce relevant, non-privileged documents if, and to the extent, any exist."  (Williams Decl., ¶

15   6, Ex. A.)  Also, Plaintiff answered sixteen of twenty Interrogatories by relying on Rule 33(d).

16   (*Id.* ¶ 6, Ex. B.)  Nevertheless, Plaintiff failed to produce[1] *any* documents with its responses on

17   October 10, 2019, or properly specify documents pursuant to Rule 33(d).  (*Id.*, ¶ 6.)

18   On October 18, 2019, Defendant asked to meet and confer, and for Plaintiff to produce

19   responsive documents by October 25.  (*Id.*, ¶ 6, Ex. C.)  Plaintiff made clear on the parties'

20   October 24, 2019 meet and confer call that Defendant would only receive responsive

21   documents if two conditions imposed by Plaintiff were satisfied: (1) that *Defendant* comb

22   through over ten thousand pages of records in bankers boxes in a storage shed, which lack any

23   apparent organization; and (2) that Defendant bear the entire cost of collecting those

24   documents.  (*Id.*, ¶ 7, Ex. E.)  Plaintiff also refused to identify records responsive to

25   Defendant's Interrogatories, as required by Rule 33(d).  (*Id.*, ¶ 7.)  Plaintiff also made clear on

26   

---

[1]      As used herein, "produce" means to provide copies of documents.

MOTION TO COMPEL - 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

1     the parties' call—and in later email correspondence—that it was not withholding any

2     documents on the basis of its general objections, noting that Plaintiff also needed these

3     documents for its affirmative case.  (*Id.*)  To date, Plaintiff has not produced a single document

4     despite initiating litigation against Plaintiff in March 2017 (and thereby tying up its trademark

5     rights), unfairly preventing discovery into the merit of its claims.  (*Id.*, ¶ 3.)

6          After Defendant made a good faith effort to meet and confer with Plaintiff, Plaintiff

7     belatedly suggested that Defendant narrow the scope of unidentified requests to reduce the

8     volume of records that would need to be reviewed.  Plaintiff, however, had made *no* prior

9     objection to the scope of any request or that the volume of records to be reviewed was too

10    great.  Further, it was Plaintiff that chose to invoke Rule 33(d) in lieu of responding to

11    interrogatories, and Plaintiff made clear that it would not amend its deficient interrogatory

12    responses to identify the records that allegedly provide its answers even if Defendant first

13    incurred the costs to collect Plaintiff's documents.  (*Id.*, ¶¶ 7, 8.)  As such, Plaintiff's belated

14    suggestion that Defendant narrow unspecified requests did not address the deficiencies in

15    Plaintiff's responses, and Defendant informed Plaintiff that it would move to compel if Plaintiff

16    did not change its position by November 12, 2019.  (*Id.*, ¶ 9, Ex. C.)

17          As evidenced by Plaintiff's filing a preemptive motion for a protective order the next

18    day, November 13, 2019—without any effort to meet and confer—Plaintiff seeks to avoid its

19    discovery obligations altogether.  While this fits with Plaintiff's pattern of obstruction detailed

20    more fully in Defendant's opposition to that motion, Plaintiff has provided no justification for

21    its refusal to provide or identify any documents in compliance with Rule 33(d).  Nonetheless,

22    on November 26, 2019, in hopes of avoiding motion practice, Defendant asked Plaintiff to

23    identify which categories it would need to narrow in order to obtain copies of documents from

24    Plaintiff.  Plaintiff responded with the email set forth in the Introduction.  This Motion should

25    thus be granted, and Defendant's attorney's fees awarded.

26

MOTION TO COMPEL - 3

FG:10648898.1

1

2

### III.   ARGUMENT

**A.   Defendant Is Entitled to the Responsive, Relevant Documents Plaintiff Agreed To Produce In Order To Defend Itself Against Plaintiff's Claims**

3

4

1.   Plaintiff Agreed To Produce the Documents Sought Without Objecting to Overbreadth or Burden, and Plaintiff Waived Its Belated Objection to the Volume of Records

5

6

Plaintiff did not produce documents as requested, and still has not produced a single

7

document in this case.  (*Id.*, ¶ 4.)  While Plaintiff's RFP responses were prefaced with general

8

objections,[2] even those improper, non-particularized objections did not include any overbreadth

9

or burden objection.  In failing to make *any* overbreadth or burden objection, let alone the

10

particularized objection required by Rule 34, Plaintiff has waived this objection.  *See Richmark*

11

*Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well

12

established that a failure to object to discovery requests within the time required constitutes a

13

waiver of any objection."); *Muller v. Syndicated Office Systems, LLC*, No. C17-1840 RSM,

14

2018 WL 2765535, at *4 (W.D. Wash. June 8, 2018) (objections based on relevance and

15

burden are not exempt from waiver).  Indeed, Plaintiff only first raised the issue of overbreadth

16

*weeks* after submitting its responses agreeing to produce documents.  (Williams Decl. ¶ 9.)

17

Plaintiff's belated suggestion that Defendant narrow some unspecified requests flips the

18

requesting and responding parties' discovery obligations.  *See McEuen v. Riverview Bancorp,*

19

*Inc.*, No. C12-5997 RJB, 2013 WL 12095581, at *2 (W.D. Wash. Oct. 1, 2013) ("The party

20

who resists discovery has the burden to show that discovery should not be allowed, and has the

21

burden of clarifying, explaining, and supporting its objections.") (citing *F.D.I.C. v. Garner*, 126

22

---

23

[2]      Courts have held general objections to be "a per se violation of the Federal Rules of Civil Procedure," "per se sanctionable," "bad faith," and "contrary to the principles of civility that the court expects from parties who appear before it."  *Weidenhamer v. Expedia, Inc.*, No. C14-1239RAJ, 2015 WL 1292978, at *7–8 (W.D. Wash. Mar. 23, 2015).  Plaintiff's general objections state that it will: (1) rely on the Local and Federal Rules, to the extent the requests are inconsistent with those Rules; (2) not concede legal conclusions; (3) rely on Federal Rule of Civil Procedure 33(c) [sic] where applicable; (4) not allow the absence of objections to be construed as an agreement to produce documents; (5) supplement its responses to requests that seek documents it does not currently have, but on which it will rely; and (6) not produce anything confidential.  (Williams Decl., Exs. A and B.)  Plaintiff represented that it is not withholding any documents on the basis of these objections.  (*Id.*, ¶ 7.)

24

25

26

MOTION TO COMPEL - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

F.3d 1138, 1146 (9th Cir. 1997)).  Further, Plaintiff made clear that it was maintaining its

position that *Defendant* must bear the cost of Plaintiff's document collection and production,

regardless of whether Defendant narrowed its requests.  (*Id.* ¶¶  7, 9.)  Because Plaintiff did not

object to any of Defendant's RFPs as overbroad or unduly burdensome, such waived objections

do not provide grounds for refusing to produce the documents Plaintiff agreed to produce.

And, even if Plaintiff had objected on these grounds, its subsequent refusal to specify the

categories that Defendant would need to narrow in order to obtain copies of the responsive

documents Plaintiff agreed to produce that purportedly contain answers to interrogatories per

Rule 33(d) – in addition to Plaintiff's response to Defendant's request for specification:

"Meredith, do you read and understand English?" – warrants not only granting the Motion but

awarding Defendant all of its fees incurred herein.

2.   The Documents Defendant Seeks Are Relevant to Its Defenses and
Plaintiff's Claims; Plaintiff Agreed and Did Not Object Otherwise

Plaintiff has also not objected or tried to argue that any RFPs seek irrelevant documents,

waiving any objection on that basis.  *See Santos v. U.S. Bank National Association*, No. C16-

0434 RSM, 2017 WL 6513698 (W.D. Wash. Dec. 20, 2017) ("[A]ny objections have been

waived.  As a result, Plaintiff's arguments that the discovery sought by Defendant is not

relevant are without basis.").  Indeed, during the parties' meet and confer call, Plaintiff stated

that it was not withholding any documents on the basis of objections, noting that Plaintiff also

needed these documents for its affirmative case.  (Williams Decl. ¶ 7.)

Defendant is entitled to "discovery regarding any non-privileged matter that is relevant

to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. Pro.

26(b)(1); *Harris v. Nelson*, 394 U.S. 286, 297 (1969) ("This rule has been generously construed

to provide a great deal of latitude for discovery").  Defendant's RFPs are tailored to discovering

information relevant to Plaintiff's trademark infringement allegations,[3] for example:

---

[3]     Trademark infringement actions require courts to balance eight factors to determine whether likelihood of
confusion exists: 1) the strength of the mark; 2) proximity or relatedness of the goods; 3) the similarity of the

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

RFP NO. 14 : DOCUMENTS sufficient to identify each product and service ever offered for sale, sold, or provided, or intended to be offered for sale, sold, or provided by YOU or by DISSOLVED CAVE MAN KITCHENS under or in connection with PLAINTIFF'S MARKS.

RFP NO. 31: All of YOUR business plans RELATING TO PLAINTIFF'S MARKS, PLAINTIFF'S SERVICES, and/or any goods or services YOU have ever considered offering under PLAINTIFF'S MARKS.

RFP NO. 47:  DOCUMENTS sufficient to identify the geographic regions in which PLAINTIFF has or has caused to be advertised, promoted, marketed, displayed, distributed, or sold any goods or services in connection with PLAINTIFF'S MARKS, including DOCUMENTS sufficient to identify the type and location of each good or service provided in each region (e.g. catering, delivery, or otherwise).

The first example (RFP No. 14) goes directly to the second factor in the likelihood of confusion analysis (i.e., relatedness of the goods).  The second example (RFP No. 31) goes directly to the eighth factor (i.e., expansion into other markets).  The third example (RFP No. 47) goes directly to the fifth factor (i.e., marketing channels used).  Defendant needs these responsive documents to defend itself against Plaintiff's claims in this action, and Plaintiff agreed to produce these documents.  The Court should thus order Plaintiff to do so.

        3.    <u>Plaintiff's Demand that Defendant Fly From California and Dig Through Over Ten Thousand Pages of Records in a Shed, in Over Fifty Boxes With No Apparent Organization, Does Not Satisfy Rule 34</u>

Rule 34 requires that Plaintiff must produce documents "as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]"  Fed. R. Civ. P. 34(b)(2)(E)(i).  Plaintiff apparently opts for the former, but it may not provide documents "as kept in the usual course of business" here in view of the completely unorganized and haphazard manner in which Plaintiff's records are apparently kept.  (*See* Williams Decl., Exs. B and E.)  As one court explained, with either option:

> [T]he assumption [is] that in either case the documents will be organized — that records kept in the usual course of business **would not be maintained in a haphazard fashion**.  Thus regardless of the form chosen, the production

---

marks; 4) evidence of actual confusion; 5) the marketing channels used; 6) the degree of care customers are likely to exercise in purchasing the goods; 7) the defendant's intent in selecting the mark; and 8) the likelihood of expansion into other markets.  *KP Permanent Make-Up  v. Lasting Impression.*, 408 F.3d 596, 608 (9th Cir. 2005).

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

MOTION TO COMPEL - 6

FG:10648898.1

will be useful to the requesting party, and neither choice will inject
unnecessary time and cost into litigation. … Where a producing party's
activities are not "routine and repetitive" such as to require a well-organized
record-keeping system—in other words when the records do not result from
an "ordinary course of business"—**the party *must* produce documents
according to the sole remaining option under Rule 34: "organize[d] and
label[ed] ... to correspond to the categories in the request."**

*SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 410-13 (S.D.N.Y. 2009).  The Rule 34

requirements "protect against deliberate or inadvertent production in ways that raise

unnecessary obstacles for the requesting party."  Advisory Committee Note to Fed. R. Civ. P.

34 (2006).  Plaintiff's demand for Defendant to comb through tens of thousands of pages kept

in a shed—with no apparent organization—does not meet Rule 34 requirements and precludes

efficient resolution of this litigation.  (*See* Williams Decl., Ex. E.)

Plaintiff's responses are also deficient in that they fail to confirm whether responsive

documents exist.  (*Id.*, Ex. A, agreeing to produce documents "if, and to the extent, any exist.")

"Defendant is entitled to ***individualized, complete responses to each of the requests***, as

numbered and identified in the requests, accompanied by production of each of the documents

responsive to the request . . . ."  *Louen v. Twedt*, 236 F.R.D. 502, 505 (E.D. Cal. 2006)

(emphasis added) (granting motion to compel where "Plaintiff did not expressly indicate when

there were no documents responsive to a particular request" and "Defendant had to piece the

requests and responses together to try to ascertain if the documents . . . had been produced.").

Plaintiff's statement that it will produce documents "if . . . any exist" for every RFP,

coupled with its demand that Defendant dig through unorganized boxes in a shed to find those

records, does not meet Plaintiff's obligations: (1) to produce responsive documents as agreed

and (2) to provide responses that state whether documents exist and have been produced.  *See,*

*e.g., Pass & Seymour, Inc. v. Hubbell Inc.*, 255 F.R.D. 331, 336 n.2 (N.D.N.Y. 2008) ("It

should be noted that if the system utilized by the producing party to organize and maintain the

documents is so deficient as to undermine the usefulness of production under this portion of the

rule, the obligations imposed under Rule 34 may not have been met even where this procedure

MOTION TO COMPEL - 7

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

1    [i.e., production as kept in the usual course of business] is followed.").

2        Plaintiff therefore must produce all responsive documents, and amend its RFP responses

3    to indicate whether or not the documents exist and have been produced.

4            4.    Plaintiff, as the Responding Party that Chose To Invoke Rule 33(d),
                  Presumptively Bears the Costs of Producing Documents and May Not
5                 Impose Its Document Collection and Production Costs on Defendant

6        Plaintiff initiated this lawsuit and thus "assumed responsibility for producing documents

7    relevant to those the issues raised." *Hausman v. Holland America Line-USA*, No. 13-cv-00937-

8    BJR, 2015 WL 11234152 (W.D. Wash. Mar. 17, 2015).  Further, "the presumption is that the

9    responding party must bear the expense of complying with discovery requests . . . ."

10   *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978).  Plaintiff, however, expects

11   Defendant to incur the costs of Plaintiff's production.  (Williams Decl., ¶ 7-9.)

12       Plaintiff's proposed cost-shifting is inappropriate where, as here, Plaintiff agreed to

13   provide responsive documents to the RFPs without objections.  Indeed, Plaintiff has offered no

14   estimate of its costs to show that providing responsive documents in response to Defendant's

15   RFPs would be anything beyond ordinary litigation costs for the case that it filed.  *See, e.g.,*

16   *Mikron Industries, Inc. v. Hurd Windows & Doors, Inc.*, No. C07-532RSL, 2008 WL 1805727

17   (W.D. Wash. Apr. 21, 2008) (denying cost-shifting where party "[has] not demonstrated an

18   unusual hardship beyond that which ordinarily accompanies the discovery process" and

19   "offer[ed] little evidence beyond a cost estimate").  To the extent Plaintiff seeks to impose costs

20   on Defendant for sorting through and scanning Plaintiff's hard copy documents, this is

21   improper because Plaintiff would also benefit.  *See, e.g., Rowe Entertainment, Inc. v. William*

22   *Morris Agency, Inc.*, 205 F.R.D. 421, 431 (S.D.N.Y. 2002) ("Where the responding party itself

23   benefits from the production, there is less rationale for shifting costs to the requesting party.")

24   (citing *Bills v. Kennecott Corp.*, 108 F.R.D. 459, 464 (D. Utah 1985) (considering that "[t]he

25   responding party is benefitted in its case to some degree by producing the data in question")).

26       Plaintiff also apparently expects Defendant to incur the costs of Plaintiff's document

MOTION TO COMPEL - 8

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10648898.1

1  collection, review, and production despite the fact that Plaintiff elected to rely on Rule 33(d).

2  This election compounds the prejudice to Defendant from Plaintiff's failure to produce

3  documents, as Plaintiff has refused to provide several narrative responses on the grounds that

4  records (that it has not apparently even retrieved from its storage shed) provide the answers.

5  Hence, Plaintiff should be required to produce documents, both because it agreed to and

6  because it must do so in order to rely on those documents in accordance with Rule 33(d).

7      **B.      The Court Should Compel Plaintiff to Provide Further Responses to the
          Interrogatories Because Of Its Repeated Invocation of Rule 33(d)**

8

9          Rule 33(d) provides that a party may refer to records in lieu of providing an answer to

10  an interrogatory only if three conditions are met: (1) the answer may be obtained from the

11  records; (2) "the burden of deriving or ascertaining the answer will be substantially the same

12  for either party"; and (3) the responding party "specif[ies] the records that must be reviewed, in

13  sufficient detail to enable the interrogating party to locate and identify them as readily as the

14  responding party could."  Fed. R. Civ. P. 33(d).

15          Plaintiff invokes this Rule in response to *sixteen* of Plaintiff's twenty Interrogatories,

16  only about half of which have some further statement than just a bald reference to business

17  records.  (Williams Decl. ¶ 6, Ex. B.)  Plaintiff's repeated invocation of this Rule is improper

18  because it fails to meet all three requirements to rely on business records in lieu of answering.

19          1.      Plaintiff Can Provide Narrative Answers to the Interrogatories and
                  Should Do So Given It Has Not Confirmed What Its Records Contain

20          As it appears that Plaintiff has not organized or even opened the over fifty bankers

21  boxes in its storage shed, Plaintiff has not confirmed that the answers to interrogatories may be

22  found there, failing at step one.  (Williams Decl. ¶¶ 7-8, Ex. E.)  Indeed, as Defendant pointed

23  out on the parties' meet and confer call, several of the interrogatories call for a narrative

24  response from Plaintiff that is impossible or impractical to ascertain from documents.  (*Id.*, ¶ 7.)

25  For instance, Interrogatory No. 11 asked for Plaintiff to describe its marketing methods:

26

MOTION TO COMPEL - 9

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648898.1

1

2

3

4

> INTERROGATORY NO. 11: IDENTIFY and describe in detail the past, present, and/or intended methods of marketing and advertising DEFENDANT'S PRODUCTS, including a general description of all advertisements, promotional and/or marketing materials (e.g. websites, brochures, etc.) and the specific media (e.g. Google ads) in which YOU have advertised, are advertising, or plan to advertise PLAINTIFF'S SERVICES.

This Interrogatory is directly relevant to the likelihood on confusion analysis, asking Plaintiff to

describe its past, current, and intended marketing.  Even if Defendant scoured the over 10,000

pages of hard copy documents Plaintiff has in a shed, Defendant would not have a complete

picture of how Plaintiff has marketed in the past and plans to market, missing any online, radio,

television, or even print advertisements that are not reflected in the shed records.  By contrast,

it should be easy for Plaintiff to describe how it has marketed and intends to market its services.

Thus, Plaintiff should be required to provide answers it has not confirmed lie in its shed,

or else properly specify which records provide those answers in accordance with Rule 33(d).

> 2.   The Burden of Deriving the Answer Is Not Substantially the Same for Either Party, Because Plaintiff Is Familiar With Its Records

Plaintiff's reliance on Rule 33(d) also fails at step two because the burden of

ascertaining Plaintiff's answers is not substantially the same for either party.  In its Complaint,

Plaintiff acknowledges that it is a restaurant with a single location.  (Complaint, ¶ 7.)  As a

"small, family-owned business" (Plaintiff's Motion for a Protective Order, at 9), the handful of

people operating that business have greater familiarity with its documents and organizational

system than Defendant.  *See* Advisory Committee Note to Fed. R. Civ. P. 33 (1970) ("A

respondent may not impose on an interrogating party a mass of records as to which research is

feasible only for one familiar with the records.").  Plaintiff is the party familiar with the over

fifty bankers boxes in its storage shed—not Defendant.  Ample case law supports that

Plaintiff's greater familiarity with its records means that its burden is lesser.[4]

---

[4]     *See, e.g., T.N. Taube Corp. v. Marine Midland Mortg. Corp.*, 136 FRD 449, 454 (W.D. N.C. 1991) (responding party's familiarity with its records and methods of organization would facilitate review of records in ways unavailable to opposing party); *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3d Cir. 1979), *overruled in part on other grounds, Alexander v. Gino's, Inc.*, 621 F.2d 71, 73 (3d Cir. 1980).

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648898.1

1    In short, Plaintiff's disorganized records and Plaintiff's greater familiarity with those

2    records render the burden of review far greater for Defendant.  "[T]he mere fact that the

3    interrogatory imposes a burden on the responding party is not enough to justify invocation of

4    Rule 33(d)."  *New Flyer Industries Canada ULC v. Rugby Aviation*, LLC, No. 2:18-CV-299-

5    RSL, 2019 WL 2491901, at *3 (W.D. Wash. June 14 2019) (granting motion to compel further

6    interrogatory responses where defendant invoked Rule 33(d)) (internal quotation omitted).

7                    3.    <u>Plaintiff Has Not Specified Which Records Have Any Answers</u>

8            Plaintiff has not provided sufficient detail for Defendant to locate and identify the

9    responsive documents.  For each response invoking Rule 33(d), Plaintiff states:

10                 The business records from which the answer to this interrogatory **may be**
                   **ascertained include menus, signage, promotional materials, purchase**
11                 **and sales records, and related materials** that are kept in the ordinary
                   course of business at Cave Man Kitchen's principal place of business
12                 located at 807 West 4 Valley Highway, Kent, Washington 98032.
                   Additional documents kept in the ordinary course of business are are [sic]
13                 located at 6638 S. 287th St, Auburn, WA 98001.

14   (Ex. B (emphasis added).)  This response does not suffice under Rule 33(d).  Indeed, the

15   Advisory Committee notes provide that responding by "directing the interrogating party to a

16   mass of business records or by offering to make all of their records available" is "an abuse of

17   the option" to invoke Rule 33(d).  Advisory Committee Note to Fed. R. Civ. P. 33 (1980).  This

18   is exactly what Plaintiff has done.  District courts in this Circuit consistently hold that such

19   broad references to business records do not comply with Rule 33(d).[5]

20       **C.    Defendant Should Be Awarded Attorneys' Fees Incurred in Bringing This**
             **Motion Because Any Opposition Is Without Substantial Justification**
21
         The Court "shall" award expenses, including reasonable attorneys' fees, unless it finds
22

23   _____
     [5]      *See, e.g., Wilson v. Washington*, No. C16-5366 BHS, 2017 WL 518615, at *3 (W.D. Wash. Feb. 8, 2017)
24   (finding responses fall short where "Defendants' production does not include any explanation on which documents
     are responsive to corresponding interrogatories"); *U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675,
25   681 (E.D. Cal. 2006) (if the pertinent records are voluminous, a party responding to interrogatories by specifying
     records is required to produce an index designed to guide the searcher to the responsive documents); *Cambridge
26   Electronics Corp. v. MGA Electronics, Inc.*, 227 FRD 313, 323 (C.D. Cal. 2004) (collecting cases and finding that
     party cannot refer to "business records" without specifying particular documents in which answers can be found).

MOTION TO COMPEL - 11

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

1   that opposition to discovery was "substantially justified" or other circumstances make such

2   award "unjust."  Fed. R. Civ. P. 37(a)(4).  The burden is on Plaintiff to demonstrate that its

3   opposition to this motion is substantially justified, and willful disobedience to a court order is

4   not necessary for an award of reasonable expenses.  *Lew v. Kona Hosp.*, 754 F.2d 1420, 1427

5   (9th Cir. 1985) ("Even a negligent failure to allow reasonable discovery may be punished.").

6          Plaintiff's conduct warrants an award of attorneys' fees, as it sought to delay litigation

7   and drive up Defendant's expenses by unfairly denying Defendant discovery.[6]  When

8   Defendant indicated that it would file a motion to compel due to Plaintiff's stonewalling,

9   Plaintiff filed a pre-emptive motion for protective order—without ever having met and

10  conferred with Defendant over the issues raised therein, or providing any other notice.  Even

11  then, when Defendant sought to meet and confer in one last effort to avoid motion practice and

12  asked Plaintiff to specify the RFPs it demanded be narrowed before it would produce

13  documents, Defendant was met with: "Meredith, do you read and understand English?"

14         Due to Plaintiff's obstructionist conduct, an award of attorneys' fees is proper.  As

15  detailed more fully in the attached declaration, Defendant requests that it be reimbursed its

16  reasonable expenses in the amount of $10,218, which amount may be supplemented upon

17  affidavit attesting to any additional fees incurred to reply and attend any hearing on this matter.

18                          **IV.   <u>CONCLUSION</u>**

19         Based on the foregoing, Defendant respectfully requests that the Court enter an order

20  awarding sanctions in an amount sufficient to compensate Defendant for its attorneys' fees

21  incurred in connection with this Motion and compelling Plaintiff: (1) to produce documents

22  responsive to its RFPs; (2) to amend its RFP responses to specify whether documents have

23  been produced or do not exist; (3) to amend it responses to interrogatories to provide narrative

24  responses or specify documents in compliance with Rule 33(d).

25  _____

26  [6]      *See McVeigh . Climate Changers Inc.*, No. C16-5174 RJB, 2017 WL 497602 (W.D. Wash. Feb. 7, 2017) (granting motion to compel and fees where plaintiff failed to respond to interrogatories and RFPs); *Chapman v. Progress Rail Services Corp.*, No. C14–5680 RJB, 2015 WL 5022782 (W.D. Wash. Aug. 24, 2015) (same).

MOTION TO COMPEL - 12

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648898.1

Dated:  November 27, 2019

FOSTER GARVEY PC

By  *s/ Diana Breaux*
Diana S. Breaux, WSBA #46112
1111 Third Avenue
Suite 3000
Seattle, WA  98101
Diana.breaux@foster.com

Meredith Williams *pro hac vice*
Michael Adams *pro hac vice*
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
Email: mwilliams@rutan.com
Email: madams@rutan.com

*Attorneys for Defendant*

MOTION TO COMPEL - 13

FG:10648898.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 27, 2019, a copy of the foregoing document was served upon all counsel of record via CM/ECF.

<u>*s/ Ann Gabu*</u>
Ann Gabu

MOTION TO COMPEL - 14

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400 FAX (206) 447-9700

FG:10648898.1