Diana S. Breaux, WSBA #46112
Foster Garvey P.C.
1111 Third Ave., Suite 3000
Seattle, WA 98101
Telephone: (206) 447-4400
Facsimile: (206) 447-9700
Email: diana.breaux@foster.com

Meredith Williams *pro hac vice*
Michael Adams *pro hac vice*
Rutan & Tucker, LLP
611 Anton Boulevard, 14th Floor
Costa Mesa, CA 92626
Telephone: (714) 641-5100
Facsimile: (714) 546-9035
Email: mwilliams@rutan.com
Email: madams@rutan.com
*Counsel for Defendant*

Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Cave Man Kitchens Inc.,

　　　　　Plaintiff,

v.

Caveman Foods LLC,

　　　　　Defendant.

NO. 2:18-cv-01274-TSZ

**DECLARATION OF MEREDITH L. WILLIAMS**

**NOTE ON MOTION CALENDAR:**
**December 13, 2019**

I, Meredith L. Williams, declare as follows:

1.　　　I am an attorney with the law firm Rutan & Tucker, LLP, counsel of record for Defendant Caveman Foods LLC ("Defendant") in this action. I am a member in good standing of the State Bar of California, and I have been admitted to practice *pro hac vice* before this Court. I make this Declaration in support of Defendant's Motion to Compel (the "Motion"). I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.　　　Plaintiff Cave Man Kitchens Inc. ("Plaintiff"), a barbeque restaurant with a single location in Washington State, was first to file proceedings against Defendant before the

FG:10648505.1

Trademark Trial and Appeal Board ("TTAB").  Specifically, on April 20, 2017, Plaintiff filed an opposition to the registration of four of Defendant's applications (one for "CAVEMAN FOODS" and three for "CAVE MAN" with and without designs) for several snack food items in International Class 5, 29, and 30 based on Plaintiff's CAVE MAN KITCHENS registration (which Plaintiff did not actually own) and two further applications for CAVEMAN KITCHEN and CAVEMAN for restaurant services in International Class 43.  Further, on May 8, 2017, Plaintiff filed a petition to cancel Defendant's established trademark registrations for CAVEMAN FOODS and CAVEMAN JERKY.  In response to Plaintiff's aggressive filings, Defendant on May 30, 2017 counterclaimed to cancel the CAVE MAN KITCHENS registration and on June 28, 2017 filed an opposition to Plaintiff's asserted CAVEMAN KITCHEN and CAVEMAN applications.  The TTAB proceedings were consolidated on December 6, 2017, and on December 13, 2017, Defendant's prior counsel served discovery requests on Plaintiff, with responses due thirty (30) days later on January 12, 2018.  Rather than serve those responses, Plaintiff requested extensions of time to answer Defendant's discovery, and further requested to extend the proceedings.  Defendant's prior counsel agreed to these extensions, and Plaintiff on January 29, 2018 filed a 30-day consented extension of the pending deadlines on the grounds that the parties "are unable to complete discovery/testimony during the assigned period."  Without any warning to Defendant, and rather than using its requested extensions to respond to Defendant's pending discovery requests, Plaintiff then initiated the present action and moved to suspend the TTAB proceedings while the federal court action is pending.

3.      On February 22, 2018, Plaintiff filed this lawsuit based on a federal trademark registration for the Cave Man Kitchens mark, U.S. Reg. No. 3,222,887.  By filing this lawsuit and suspending the TTAB proceedings, Plaintiff was able to hold up Defendant's pending trademark applications even longer than those TTAB proceedings (extended on Plaintiff's request) would allow.  At the time Plaintiff filed its final extension before the TTAB on

DECLARATION OF MEREDITH L. WILLIAMS
- 2

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648505.1

January 29, 2018—purportedly because Plaintiff needed more time to respond to discovery—

discovery in the TTAB proceedings was set to close in May 2018 and the parties would have

had to present their substantive briefing by June 2019.  Instead, by filing this case, Plaintiff

effectively avoided responding to its overdue discovery and providing any substantive

argument in the TTAB proceeding, all the while preventing Defendant's trademarks from

registering until this case is concluded.  Further, Plaintiff initiated this action although it did not

even own the trademark at issue at the time, contrary to its representations.  Defendant has not

received a single document from Plaintiff to date.

4.      On April 26, 2018, Defendant filed a motion to dismiss this action on the basis

that Plaintiff did not own the Cave Man Kitchens Registration and its predecessor abandoned

the Cave Man Kitchens Registration when it was administratively dissolved after having its

bankruptcy petition dismissed for failing to pay its taxes.  Plaintiff responded to the motion to

dismiss by requesting a stipulated continuance of the hearing from Defendant under the guise

of needing time to respond to a settlement proposal, as reflected in **Exhibit F**, a true and correct

copy attached hereto.  Instead, Plaintiff used the extension to obtain a *nunc pro tunc* assignment

of the Cave Man Kitchens Registration on May 30, 2018, but purportedly retroactive to June 6,

2011.  Plaintiff never responded on settlement after receiving the requested extension, and had

no settlement proposal or response during our early meeting in August 2019.

5.      On October 8, 2019, two days before Plaintiff's responses to Defendant's

discovery requests were due, Plaintiff's counsel requested an extension of time to respond, as

reflected in **Exhibit G**, a true and correct copy attached hereto.  The request was denied only

because Plaintiff's counsel had previously requested an extension of time under false pretenses,

for strategic purposes, and to Defendant's prejudice.

6.      On October 10, 2019, Plaintiff served its responses to Defendant's Requests for

Production and Interrogatories, true and correct copies attached hereto as **Exhibit A** and

**Exhibit B**.  On October 18, 2019, I sent an email to Plaintiff's counsel requesting to schedule a

DECLARATION OF MEREDITH L. WILLIAMS
- 3

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

telephonic conference to meet and confer in good faith and identifying the deficiencies in Plaintiff's responses, such as: (1) Plaintiff responded the Requests for Production by stating that it "will produce" documents, but had not produced any documents, nor was there any indication of when Plaintiff would produce documents; and (2) Plaintiff's reliance on Federal Rule of Civil Procedure 33(d) for sixteen of the twenty interrogatories was improper because Plaintiff failed to produce or even specify responsive records, as reflected in **Exhibit C**, a true and correct copy attached hereto.  I requested that Plaintiff produce the documents and amend its Interrogatory responses, to provide a narrative or specify the responsive records, by October 25, 2019.  (*Id.*)  Plaintiff's counsel responded by stating that I was "looking to manufacture discovery disputes." (*Id.*)  We planned to meet and confer to address the issues set forth in my email on October 24, 2019.  (*Id.*)

7.      On October 24, 2019, I telephonically conferred with Plaintiff's counsel to address the issues raised in my email.  Addressing the Requests for Production, counsel stated that responsive paper records are available for inspection and copying on five business days' notice at the addresses indicated in the responses (with 10,000+ of pages contained in bankers boxes) and insinuated that Defendant should bear all costs for production and copying.  Addressing the Interrogatories, counsel would not agree to identify the specific responsive documents (e.g. by Bates number) that provide responsive information pursuant to Rule 33(d).  Counsel reiterated that the answers are largely contained in old menus and promotional materials, and that he expects Defendant's counsel to find those materials in the banker boxes.  I noted that, for several of the Interrogatories, it is impracticable to obtain the answer from documents.  Counsel further stated that Plaintiff was not withholding any documents on the basis of its general objections to the Requests for Production and Interrogatories, because it also needs those documents to prosecute its case.  Defendant pointed out as much in asking Plaintiff to pay to render its documents in a usable form for both parties; Plaintiff refused.  Plaintiff's counsel did not raise the issue of the volume of the requests or any request being

DECLARATION OF MEREDITH L. WILLIAMS
- 4

FG:10648505.1

1    overbroad on our meet and confer call, nor did Plaintiff's counsel mention any intent to move

2    for a protective order.

3         8.    On November 1, 2019, I sent Plaintiff's counsel an email confirming my

4    understanding of the meet-and-confer and stating, "Please advise whether Plaintiff is

5    maintaining its position that Defendant must bear the costs to obtain documents for which

6    Plaintiffs have invoked Rule 33(d) no later than close of business on November 5.  If so,

7    Defendants will move to compel," as reflected in Exhibit C.  Plaintiff's counsel responded on

8    November 5, 2019, and did not dispute this understanding.  (*Id.*)  Counsel sent photographs of

9    the storage shed containing the banker boxes of documents.  True and correct copies of these

10   images are attached hereto as **Exhibit E**.  Plaintiff's counsel stated: "As to the costs of copying

11   these records, please understand that the volume of records is a direct result of the breadth of

12   your requests.  If you are willing to narrow the scope of the requests, you are free to do so."

13   (Exhibit C.)  Plaintiff had never objected on grounds of overbreadth or undue burden, nor did

14   counsel ever specify *which* requests he proposed narrowing.

15        9.    On November 8, 2019, I emailed Plaintiff's counsel noting that the photographs

16   appear to show fifty bankers boxes that do not appear organized in any way as stored in a shed,

17   as reflected in Exhibit C.  I requested that he advise by November 12, 2019 whether he will

18   amend Interrogatory responses and produce responsive documents, or else Defendant would

19   move to compel.  (*Id.*)  On November 12, 2019, counsel responded: "I asked whether you

20   would be willing to narrow your requests so as to reduce the volume that needs to be produced.

21   I do not see that you have addressed that at all and have simply continued making unfounded

22   accusations." (*Id.*)  Again, Plaintiff had never objected on grounds of overbreadth or undue

23   burden, and failed to specify any requests that should be narrowed.  Moreover, Plaintiff's

24   eleventh-hour suggestion that Defendant narrow some unspecified requests was inconsistent

25   with Plaintiff's agreement in response to RFPs to produce all responsive documents and

26   Plaintiff's invocation of Rule 33(d).  The following day, Plaintiff filed a Motion for a

DECLARATION OF MEREDITH L. WILLIAMS
- 5

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

1    Protective Order – after I notified counsel that Defendant would move to compel.

2        10.    Plaintiff's counsel never informed Defendant's counsel that he intended to move

3    for a protective order.  Nor did he attempt to meet and confer regarding the perceived issues

4    with Defendant's discovery requests.  The only meet-and-confer that occurred between the

5    parties addressed Plaintiff's deficient discovery responses.  In fact, Defendant's counsel only

6    found out about Plaintiff's intent to move for a protective order through the ECF notification.

7        11.    On November 26, 2019, I sent an email to Plaintiff's counsel seeking to clarify

8    the issues raised in its Motion for a Protective Order, as reflected in Exhibit C.  I stated:

9    "Although it is not exactly clear, we believe Plaintiff is suggesting that Caveman Foods

10    'narrow' its document requests in order for Plaintiff to actually produce documents as opposed

11    to telling Caveman Foods that it is welcome to peruse Plaintiff's shed.  If we are wrong in our

12    understanding, please advise immediately.  Assuming that this is indeed what Plaintiff intends,

13    please specify the document requests that Plaintiff requires Caveman Foods to narrow before

14    Plaintiff will agree to produce documents (i.e., send Caveman Foods a copy of responsive

15    documents)." (*Id.*)  In response, Plaintiff's counsel stated: "Meredith, do you read and

16    understand English?  We have answered these questions before.  Our intention is to await the

17    court's ruling on our pending motion.  In the meantime, our long-standing offer for you to

18    inspect and copy documents as they are kept in the ordinary course of business remains open.

19    You are free to do so on five business days advance notice.  The number of documents we are

20    making available is a direct consequence of the broad scope of your requests. Whether you

21    elect to narrow the scope of your requests is entirely up to you." (*Id.*)

22        12.    This response was not surprising, however, given counsel's previous incivility.

23    For example, on October 17, 2019, I served discovery on Plaintiff's counsel and he responded:

24    "Ms. Williams getting worried?  She should be.  Cheers."  A true and correct copy of this email

25    correspondence is attached hereto as **Exhibit D.**

26        13.    Plaintiff has repeatedly failed to expend any time or effort to litigate its own

DECLARATION OF MEREDITH L. WILLIAMS
- 6

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648505.1

case, with tasks such as drafting the Stipulated Protective Order and the Agreement Regarding Electronically Stored Information falling principally on Defendant.

14.     Defendant requests attorneys' fees and costs, to compensate for the expenses incurred in having to file this Motion.

15.     Rutan & Tucker records time for work performed on each client matter by way of a computerized data time entry program known as Intapp Time. Rutan &Tucker's attorneys enter a description of each task performed into the Intapp Time program to keep track of work performed for clients. Through Intapp, all of the entries accurately record the amount of time and description for each task that was performed. The work performed by Rutan & Tucker personnel in the representation of Defendant in this matter will be reflected in itemized monthly billing records setting forth the identity of the attorney performing the services, the date(s) of service, a reasonably detailed description of the work performed, and the time spent on each task or group of tasks. Defendant has not yet generated a billing record for the work performed on this Motion, but the unbilled time records for the work performed on this Motion have been entered into Intapp Time.

16.     Mr. Adams has been practicing law for over 20 years (having graduated from Stanford Law School in 1996) and has a billing rate is $650 per hour. My billing rate is $410 per hour. I have been practicing for seven years and graduated from Stanford Law School in 2013. My associate, Sarah Gilmartin, also worked on this Motion. Her billing rate is $300 per hour, and she graduated from Stanford Law School in 2018 and clerked for the Honorable Karen Scott in 2019. I am generally familiar with the rates charged by comparable firms for intellectual property and believe that these billing rates are reasonable, indeed low, for comparable work by comparable firms.

17.     Our firm's time records reflect that Mr. Adams spent at least 2.3 hours (at a total cost of $1,495), that I spent at least 10.3 hours (at a total cost of $4,223), and that Ms. Gilmartin has spent at least 15 hours (at a total cost of $4,500) in preparing this Motion, for

DECLARATION OF MEREDITH L. WILLIAMS
- 7

1    total attorney's fees of $10,218.  I believe this is a reasonable amount of time given the work

2    necessary to prepare this Motion.

3         18.    As a result of the time spent by Rutan & Tucker attorneys, Defendant has

4    incurred at least $10,218 for work done in connection with this Motion.

5         Executed on November 27, 2019, at Costa Mesa, California.

6         I declare under penalty of perjury under the laws of the United States of America that

7    the foregoing is true and correct.

8                                    _s/ *Meredith Williams*_____
                                     Meredith L. Williams

DECLARATION OF MEREDITH L. WILLIAMS
- 8

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648505.1

1

## <u>CERTIFICATE OF SERVICE</u>

2

3    I hereby certify that on November 27, 2019, a copy of the foregoing document was

served upon all counsel of record via CM/ECF.

4

5                                            *s/ Ann Gabu*
                                             Ann Gabu
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF MEREDITH L. WILLIAMS
- 9

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3296
PHONE (206) 447-4400  FAX (206) 447-9700

FG:10648505.1