THE HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAVE MAN KITCHENS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CAVEMAN FOODS, LLC<br><br>Defendant. | Cause No. 18-cv-01274 TSZ<br><br>PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>NOTED FOR: January 22, 2020<br><br>ORAL ARGUMENT REQUESTED |

Plaintiff Cave Man Kitchens, Inc., ("Cave Man Kitchens"), by its attorneys, hereby moves this court pursuant to Fed.R.Civ.P. 59(e) and Local Rule 7(d)(h) for reconsideration of this court's January 8, 2020 Minute Order (Dkt. #57) granting Defendant's Motion to Compel (Dkt #51).

### I    INTRODUCTION

Plaintiff is aware that the standard for granting a motion for reconsideration is high, and would not make this request absent a true and *bona fide* belief that manifest error exists in the Court's Order. Here, Plaintiff believes such error exists on two grounds.

First, by producing the requested documents precisely as they are kept in the usual course of business, Plaintiff has complied with both the literal and legal requirements of Rule 34(b)(2)(E)(i) permitting Plaintiff to do just that. The subject Minute Order nowhere states or otherwise finds that Plaintiff did not, in fact, produce the documents as they are kept in the usual course of business.

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 1

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

Second, the only authority cited by the court in support of its decision does not, in fact, support this court's order but, *confirms* that one of Plaintiff's options in producing documents it to produce them as they are kept in the usual course of business.

As Plaintiff has complied with the requirements of Rule 34(b)(E)(i), and, equally important, as the court nowhere identifies how Plaintiff has *not* complied with the requirements of Rule 34(b)(E)(i), the Order, as it stands, contradicts the express requirements of Rule 34(b)(i) and appears to be manifestly in error.

Finally, as the court has, without comment and by way of minute order, granted attorneys fees against Plaintiff for simply following the rules as written, neither Plaintiff nor a reviewing appellate court has any way of knowing why doing so would not be a clear abuse of discretion.

In view of the foregoing, Plaintiff respectfully requests that reconsideration and attention be given to these important matters.

## II   DISCUSSION

**1.   Rule 34(b)(E)(i) Gives Parties The *Option* Of Producing Documents As Kept In The Usual Course Of Business**

The language of Rule 34(b)(E)(i) is clear and direct: "A party must produce documents as they are kept in the usual course of business *or* must organize and label them to correspond to the categories in the request." The word "or" in this section of the rule clearly gives the producing party the *option* of producing documents in this manner, and there is little surprise that courts understand the meaning of "or" as well. As held in J*ewish Health v. WebMd Health Servs. Group, Inc.,* 305 F.R.D. 247, 254 (D. Colo. 2014):

> Rule 34(b) permits a producing party to *choose* whether to produce documents as they are kept in the usual course of business or to organize and label the documents to correspond to categories in the request. Rule 34(b)(2)(E)(i). If the producing party produces documents as they are kept in the usual course of business, " *the Rule imposes no duty to organize and label the documents, provide an index of the documents produced, or correlate the documents to the particular request to which they are responsive." MGP Ingredients, Inc. v. Mars, Inc.,* No. 06-2318-JWL-DJW, at *10 (D. Kan. Oct. 15, 2007)); *Valeo Elec. Sys. v.*

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 2

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

*Cleveland Die & Mfg. Co.,* No. 08-cv-12486, at *8 (E.D. Mich. June 17, 2009) ("[O]nce a party demonstrates that it has produced documents as they are kept in the usual course of business, *it has no further duty* under Rule 34 or otherwise . . . to organize and label the documents." ) (emphasis added).

These principles are clearly established and followed by courts throughout the country: *See, Washington v. Thurgood Marshall Academy*, 232 F.R.D. 6, 10 (D.D.C. 2005) (party "is not required to identify to which requests the produced documents are responsive, if [party] produces them as they are kept in the usual course of business."); *Doe v. District of Columbia,* 231 F.R.D. 27, 36 (D.D.C. 2005) ("'As long as plaintiff produced the documents' as they are kept in the usual course of business,' he was in compliance with the discovery rules."); *U.S. v. O'Keefe,* 537 F. Supp. 2d 14, 19 (D.D.C. 2008) ("Thus, if the documents were produced as they were kept in the ordinary course of business, the requesting party could not thereafter demand that they be indexed, catalogued, or labeled."); *Hagemeyer North America v. Gateway Data Sciences Corp.,* 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("[A]ccording to the plain language of Rule 34, a responding party has no duty to organize and label the documents if it has produced them as they are kept in the usual course of business.").

Against this clear, indeed non-controversial backdrop, the Minute Order, which without explanation deprives Plaintiff of the long-standing, well-established, clearly-reckognized option it has in responding to discovery, is, on its face, manifestly in error. Accordingly, reconsideration in this respect is respectfully requested.

**2.     The Court's Reliance On *SEC v. Collins & Aikman Corp* Is Misplaced**

The only authority cited in the subject Minute Order is *SEC v. Collins & Aikman Corp.,* 256 F.R.D. 403, 410-13 (S.D.N.Y. 2009) and even there the Order says nothing more about the case other than, "See." A review of *SEC v. Collins* indicates that it supports Plaintiff not Defendant. The decision in *SEC v. Collins* does not, and certainly should not, permit a wholesale disregard for the clear language of Rule 34 and the numerous cases interpreting it.

First, *SEC v. Collins itself* recognizes a producing party's option and right to produce documents as they are kept in the usual course of business.

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 3

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500

> Under Rule 34 of the Federal Rules of Civil Procedure, *a party has two options* for the production of documents in response to a discovery request. The litigant may *either* produce documents 'as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.'

*Id.* at 409 (emphasis supplied).  *SEC v. Collins* recognizes the plain language of Rule 34 and case law interpretation of that plain language.

Second, the facts in *SEC v. Collins* are different from those here, and the holding in *SEC v. Collins* concerned an entirely different issue.

In *SEC v. Collins,* it was undisputed that the documents at issue were not, as here, archival paper records but instead were electronic records.  More importantly, and unlike here, the producing party created various data bases rather than produce documents as they were ordinarily kept and did so based on the claim that providing certain "compilations" of electronic records were attorney work product and that production of such compilations would disclose attorney impressions, thoughts, etc.  None of these considerations comes into play here.

Most importantly, and unlike here, the decision in *SEC v. Collins* turned on the court's detailed explanation of *why* the records of the producing party were not, in fact, produced "as they are kept in the usual course of business."  In particular, the court in *SEC v. Collins* expressly noted that the "option is available to commercial enterprises or entities that function in the manner of commercial enterprises." *Id.* at 412.  There is no question here that Plaintiff (along with its predecessor) is a commercial enterprise, and Defendants have never argued otherwise.

The court in *SEC v. Collins* further expressly noted that, "this option may also apply to records resulting from 'regularly conducted activity.' *Id.*  The records that Defendant has requested are, in fact, records "resulting from regularly conducted activity" and again, Defendant has not established otherwise, nor can it.

To the extent *SEC v. Collins* can be read to require a producing party to "organize" and "label" records to "correspond to the categories in the request," *SEC v. Collins* expressly

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 4

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

states that this results only where a producing party's activities are not "'routine and repetitive' such as to require a well-organized record-keeping system-in other words when the records do not result from an 'ordinary course of business.'" *Id.* At 413.  In short, the issue in *SEC v. Collins* was not whether the producing party had the option and right to produce documents as kept in the usual course of business (the court clearly recognized that it did) but, rather, whether the produced documents *were* in fact generated and produced in the usual course of business.

Here, not only is the subject Minute Order entirely silent on the very issue at play in the sole case the Order cites, the simple fact is that Plaintiff's offered documents *were* generated in the usual course of business, namely the restaurant that has been in operation since 1971, and *are* presently in the form in which they are presently kept, namely in archival boxes kept in storage.  Defendant does not, and cannot, establish that keeping archival records in this manner is at all unusual or otherwise not part of the "usual" course of business.  Indeed, it is likely the court itself has old paper records kept in boxes in an off-site storage facility.  Such is hardly unusual and is certainly not outside of normal business practices.

Because the subject Order (1) goes against the clear weight of authority, (2) does not even state that Plaintiff's records are not business records kept in the usual course of business (much less explain why) and (3) does not follow the holding of the very decision it purports to be based on, the Order appears to be manifestly in error.  For these additional reasons, reconsideration is respectfully requested.

**3.     The Court's Basis For Awarding Attorneys' Fees Is Unstated**

While Plaintiff certainly recognizes and appreciates that the court did not award all fees requested by Defendant, the subject Order is completely silent as to why fees were awarded.  Accordingly, neither Plaintiff nor a reviewing court can determine whether the award of fees is consistent with applicable law.

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 5

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

Should the court be inclined to reconsider its grant of Defendant's motion to compel for the reasons stated herein, Plaintiff further requests that the court reconsider the award of attorneys' fees as well.

## CONCLUSION

For all these reasons, Plaintiff Cave Man Kitchens respectfully requests that this court reconsider its Minute Order of January 8, 2020 granting Defendant's motion to compel.

Dated January 22, 2020.                    Respectfully submitted,

*/s/ Philip P. Mann*
Philip P. Mann, WSBA No: 28860
**Mann Law Group** PLLC
107 Spring St.
Seattle, Washington  98104
Phone (206) 436-0900
Fax (866) 341-5140
phil@mannlawgroup.com

Attorneys for Plaintiff Cave Man Kitchens, Inc.

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 6

Mann Law Group PLLC
107 Spring St.
Seattle, WA  98104
Phone:  206.436.8500

# CERTIFICATE OF SERVICE

I hereby certify on the date indicated below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties who have appeared in this matter.

DATED:  January 22, 2020.                    /s/ *Philip P. Mann*

MOTION FOR RECONSIDERATION
Cause No. 18-cv-01274 TSZ

Page 7

Mann Law Group PLLC
107 Spring St.
Seattle, WA 98104
Phone: 206.436.8500