UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAVE MAN KITCHENS INC.,

        Plaintiff,

   v.

CAVEMAN FOODS, LLC,

        Defendant.

C18-1274 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1)    Plaintiff's motion for reconsideration, docket no. 68, is STRICKEN as moot. On or before May 20, 2020, plaintiff paid the full amount due. *See* Ex. A to Pla.'s Reply in Support of Mot. to Stay (docket no. 88-1).[1]

(2)    Plaintiff's motion, docket no. 75, to stay this matter pending resolution of the now consolidated cases brought against it in King County Superior Court is DENIED. In the state court action, defendant Caveman Foods, LLC pursues claims acquired from plaintiff's predecessor's creditors Food Services of America, Inc. ("FSA") and Puget

---

[1] In a Minute Order entered May 5, 2020, docket no. 71, the Court set a deadline of May 14, 2020, for plaintiff to file proof of its alleged inability to pay the $10,000 owed to defendant in attorney's fees and costs. On May 15, 2020, defendant submitted a response to plaintiff's motion for reconsideration, accusing plaintiff of displaying "flagrant disregard for the Court's Orders" because it had not provided the requisite information about its finances. *See* Def.'s Response at 1 (docket no. 76 at 2). On May 21, 2020, the day after defendant's counsel acknowledged receipt of the funds wired by plaintiff, defendant filed a motion seeking dismissal of plaintiff's claims as a sanction for discovery violations. Defendant took no steps, however, to advise the Court that its previous accusation about plaintiff's "flagrant disregard" of the deadline for filing financial data had been rendered obsolete by plaintiff's wire transfer. The Court is unimpressed with defendant's counsel's tactics and lack of candor.

MINUTE ORDER - 1

Sound Energy, Inc. ("PSE").  Among the contentions in the state court litigation is an allegation that plaintiff fraudulently obtained the trademark rights at issue in this case from its predecessor, which had failed to disclose the intellectual property in bankruptcy proceedings.  Plaintiff asserts that this trademark infringement action should be stayed until the King County Superior Court decides whether plaintiff validly obtained the trademarks at issue.  Plaintiff's contentions lack merit for three reasons:  (i) this case was already pending when defendant initiated the state court lawsuits, and no abstention or anti-forum-shopping doctrine would support a conclusion that this action, premised on federal-question jurisdiction, must await resolution of a later-filed state court matter; (ii) defendant raises the exact same arguments in this case as it does in the state court actions in which it stands in the shoes of FSA and PSE, *see* Am. Answer & Counterclaim (docket no. 33), and the Court might be required to consider the merits of defendant's related defenses and counterclaim regardless of how the state court rules; and (iii) the issues of trademark and bankruptcy law presented by the parties are appropriately addressed in federal court.  This case remains set for trial on December 7, 2020, which is in advance of the January 11, 2021, trial date set in the state court matter.

(3) Defendant's motion to dismiss, docket no. 79, brought under Federal Rules of Civil Procedure 37(b) and 41(b), is DENIED.  Before dismissing a case on the basis of discovery violations, the Court must be persuaded that less drastic sanctions are not available.  *See*, *e.g.*, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412-13 (9th Cir. 1990).  The Court cannot draw the requisite conclusion.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 4th day of June, 2020.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2