UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAVE MAN KITCHENS INC,

    Plaintiff,

  v.

CAVEMAN FOODS LLC,

    Defendant.

C18-1274 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiff Cave Man Kitchen Inc.'s Show-Cause Response ("Response"), docket no. 129.

On November 23, 2020, the Court entered an order, docket no. 128, granting in part Defendant Caveman Foods LLC's motion for summary judgment, docket no. 103, dismissing with prejudice all but three of Plaintiff's causes of action: Count II (False Designation of Origin), Count IV (State Common Law Unfair Competition), and Count IX (Declaratory Judgment). The Court deferred its ruling with respect to those causes of action and ordered Plaintiff to show cause as to why they should not be dismissed with prejudice—as the allegations supporting the causes of action appear to rely solely on an invalid trademark assignment executed by a now defunct corporation, Cave Man Kitchens Inc. ("Dissolved Cave Man Kitchens"). Order (docket no. 128 at 15).

ORDER - 1

Rather than address whether its evidence raises genuine disputes of fact material to the remaining causes of action, Plaintiff used its Response to revisit the issue of whether Plaintiff's ownership rights in the mark CAVE MAN KITCHENS date back to *its* first use of the mark, sometime after its incorporation in June 2011, or whether its rights date back to *Dissolved Cave Man Kitchens*' first use of the mark in 1971.  For the following reasons, the Court rejects Plaintiff's arguments with respect to the ownership issue and grants Defendant's motion for summary judgment on the remaining causes of action.[1]

**<u>Discussion</u>**

### 1. Plaintiff's Ownership Rights in the Mark

The Court's order, docket no. 128, concluded that Plaintiff was never validly assigned, and therefore did not own, the registered mark CAVE MAN KITCHENS. Order (docket no. 128 at 7–11).  The Court further concluded that Plaintiff's evidence failed to raise genuine issues of fact on whether it was orally assigned any common law rights in that mark when it was incorporated in June 2011.  *Id.* at 11–14.

Plaintiff challenges those conclusions on the ground that, regardless of the assignment's validity, its president, Roseanna Donley, was a "co-owner of the mark" as a former director and 20 percent shareholder of Dissolved Cave Man Kitchens.  Response (docket no. 129 at 3).  As the Court previously explained, however, even controlling shareholders and principal officers of a corporation do not have individual ownership rights in a mark that only the corporation used.  Order (docket no. 128 at 10–11 n.6)

---

[1] The Court initially deferred ruling on these causes of action because they were not clearly briefed in the parties' summary judgment briefing.  Still, the parties' briefing sufficiently raises the issues relevant to the Court's decision, and Plaintiff received reasonable notice that the adequacy of its claims was in question.  *Cf. Verizon Delaware, Inc. v. Covad Comm'ns Co.*, 377 F.3d 1081, 1092 (9th Cir. 2004).

ORDER - 2

(citing *Monorail Car Wash, Inc. v. McCoy*, 178 U.S.P.Q. 434, at *3 (T.T.A.B. 1973)); *see also* 3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 16:36 (5th ed. 2020 update).  Plaintiff cites no authority to the contrary.[2]  The Court acknowledges that, during the relevant time period, Roseanna appeared to sincerely believe that she co-owned the mark with Dissolved Cave Man Kitchens, explaining why she failed to timely acquire a trademark assignment from the dissolved corporation's directors or to otherwise "ask[] permission" to use the mark.  Roseanna Dep., Ex. A to Williams Decl. (docket no. 113-1 at 85, 96).  That mistaken belief, however, cannot create ownership rights when none existed; nor can it excuse Plaintiff's failure to secure an assignment.

Plaintiff also argues that it can "tack" its current mark onto Dissolved Cave Man Kitchen's "2006 mark, if not the 1971 one." Response (docket no. 129 at 10).  The Ninth Circuit has repeatedly emphasized "the narrowness of the tacking doctrine," *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1165 (9th Cir. 2013), and its body of decisions indicate that the doctrine applies when the *same* trademark user exploits different but "essentially the same" marks, *see id.* at 164–66.  Because Plaintiff fails to demonstrate that the doctrine applies when *different* trademark users exploit the same mark, the Court concludes that this argument likewise fails.

Plaintiff's remaining arguments concern abandonment, an issue on which the Court's previous summary judgment order did not rely.  The Court reaffirms its

---

[2] Plaintiff also argues that Roseanna owns the mark "by birthright," *id.* at 2, 10, presumably because her father cofounded Dissolved Cave Man Kitchens, but fails to cite authority supporting that suspect theory.

ORDER - 3

conclusion that there are no triable issues of fact on whether Plaintiff's rights in the mark predate its corporate existence, beginning in June 2011.

### 2.     False Designation of Origin (Count II)

Plaintiff asserts that Defendant's "manufacture, distribution and/or sale of it[s] food products and services under its various forms of the name CAVEMAN falsely designates the origin of Defendant['s] . . . food products and services in contravention of" the Lanham Act, 15 U.S.C. § 1125(a).  Complaint at ¶ 34.[3]

Summary judgment is appropriate on Plaintiff's remaining Lanham Act claim because the evidence is insufficient to raise genuine issues of fact material to Plaintiff's "prior 'use' of the mark in interstate commerce." *New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1200–01 (9th Cir. 1979) (affirming grant of summary judgment in favor of defendant on a false designation of origin claim, holding that "the district court properly found that the right to use the trade-mark . . . was with [defendant] due to its prior 'use'").  The Court has already determined that Plaintiff does not own the registered mark CAVE MAN KITCHENS and that it did not acquire any common law rights in the mark until sometime after June 2011.  Further, Plaintiff does not dispute that Defendant first used the registered mark CAVEMAN FOODS in interstate commerce in May 2011—the month before Plaintiff existed—or that Defendant has continuously used that mark until now.  Response (docket no. 129 at 3, 5–7).  Because Plaintiff's evidence is

---

[3] Plaintiff does not identify the specific subsection of § 1125(a) that Defendant has purportedly violated. To the extent Plaintiff asserts that Defendant has confused the "origin" of its own goods with an "idea, concept, or communication embodied in those goods" authored by Plaintiff, it cannot prevail on its false designation of origin claim.  *See Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37–38 (2003) (explaining that under § 1125(a)(1)(A), where a defendant merely says it is the "origin" or producer of goods sold as its own, no Lanham Act liability attaches).

ORDER - 4

insufficient to show that it acquired common law rights in the mark before Defendant's registered mark received nationwide priority, it cannot prevail on its false designation of origin claim.  *See New West Corp., Inc.*, 595 F.2d at 1200–02; *see also Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1180 (9th Cir. 2013) (affirming grant of summary judgment on a false designation of origin claim because the evidence of plaintiff's use of the mark was insufficient "to establish trademark rights").  Count II is dismissed with prejudice.

### 3. State Common Law Unfair Competition (Count IV)

Plaintiff's common law unfair competition claim is based on essentially the same allegations as those alleged in in support of its Lanham Act claims.  *See* Complaint at ¶¶ 44–46.  Again, because Plaintiff cannot establish that it was the first to use the mark CAVE MAN KITCHENS in interstate commerce, its common law claim also fails.  *See Money Savers Pharm., Inc. v. Koffler Stores (Western) Ltd.*, 37 Wn. App. 602, 606, 682 P.2d 960 (1984) ("The right to use a particular name as a trade name belongs to the one who first appropriates and uses it in connection with a particular business.").  That is, Plaintiff cannot prevail on an unfair competition claim "where it has no right to claim infringement on [its] mark," and where Defendant, which owns a registered mark that indisputably received nationwide priority by May 2011, "has committed no violation in attempting to enforce its own mark."  *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, 413 F. Supp. 3d 1032, 1045 (W.D. Wash. 2019) (concluding the same with respect to the state statutory claim for unfair competition).  Count IV is dismissed with prejudice.

### 4. Declaratory Judgment (Count IX)

Defendant's undisputed prior use of the mark CAVEMAN FOODS also precludes a declaratory judgment that Plaintiff is entitled to maintain registration applications filed

ORDER - 5

in 2016 for the marks CAVEMAN KITCHEN (Serial No. 86,955,705) and CAVEMAN (Serial No. 86,966,805).  The parties remain free to litigate the merits of the underlying opposition proceedings before the United States Patent and Trade Office; but the Court cannot grant the declaratory relief Plaintiff seeks on the ground that its rights in the marks predate Defendant's rights in the same or similar marks—as it is the other way around. Count IX is dismissed with prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Motion for Summary Judgment, docket no. 103, is GRANTED in full.

(2) As a result of this Order, only Defendant's counterclaims remain for trial.

(3) The parties are DIRECTED to meet and confer and to provide the Court with a Joint Status Report on or before Friday, January 15, 2021, addressing whether and to what extent the Court may *sua sponte* enter judgment on one or more of Defendant's counterclaims in light of this Order and the Court's previous order, docket no. 128. Assuming that one or more of Defendant's counterclaims remain for trial, the parties' Joint Status Report shall also address (i) when the parties will be prepared to proceed to trial and (ii) whether the case can proceed with a remote bench or jury trial.

(4) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 14th day of December, 2020.

THOMAS S. ZILLY
United States District Judge

ORDER - 6